R. C. PETERSON v. E. B. McMANUS AND SHIVAR SPRINGS, INC.

(Filed 29 April, 1936.)

APPEAL by the defendants from *Shaw, Emergency Judge,* at Extra December Term, 1935, of MECKLENBURG. No error.

*Carswell & Ervin for plaintiff, appellee.*
*John M. Robinson and Hunter M. Jones for defendants, appellants.*

PER CURIAM. The plaintiff in his complaint alleges that he suffered damage by reason of personal injuries caused by the actionable negligence of the defendants. The defendants in their answer deny that they have been guilty of actionable negligence, and further plead the contributory negligence of the plaintiff in bar of any recovery. To the further answer of the defendants the plaintiff filed reply in which he denies any contributory negligence and alleges that the defendants had the last clear chance to avoid injuring him.

The evidence of the plaintiff tends to show that the plaintiff was sitting on a "swinging stage" while painting the outside of the windows on the mezzanine floor of the Charlotte Hotel, which open onto an alley; and that an automobile, owned by the corporate defendant and operated in its business by the individual defendant, was driven against ropes which were attached to and hung down from the "swinging stage," which

caused the stage to fall about 30 feet to the ground, thereby severely injuring the plaintiff.

The case was submitted to the jury upon the three issues of negligence, contributory negligence, and damage. It appears in the record that these issues were tendered by counsel for the defendants, who urged that the plaintiff's contentions as to the doctrine of the last clear chance could be presented thereunder.

At the close of the plaintiff's evidence, defendants moved for judgment as of nonsuit, which motion was denied. The defendants offered no evidence and renewed motion for judgment as of nonsuit. The refusal of the court to grant these motions constitutes the basis for exceptive assignments of error.

A perusal of the evidence clearly reveals that it was sufficient to carry the case to the jury.

We have examined the several exceptions to the rulings of the court upon the admission of evidence and conclude that they are without merit.

The charge was fair and impartial, and in substantial compliance with C. S., 564, and those portions thereof which are made the bases for exceptive assignments of error, when read contextually with the whole, are free from prejudicial error. If the defendants wished other or different contentions presented to the jury they should have called the court's attention thereto at the time, S. v. Sinodis, 189 N. C., 565; or if they desired special instructions upon any phase of the law involved, not given in the general charge, they should have filed written request therefore. Harris v. Turner, 179 N. C., 322 (325), and cases there cited.

No prejudicial errors appear, no new questions are presented, and no good purpose can be served by threshing over old straw.

No error.