VIRGINIA TRUCK GROWERS MANUFACTURING CORPORATION v.
MOORE COUNTY MUTUAL EXCHANGE.

(Filed 25 May, 1938.)

**Appeal and Error § 24—**

Appellant excepted to a preceding question but did not except to the question eliciting the testimony complained of, or to the testimony. *Held:* The competency of the testimony is not presented for decision, since only exceptive assignments of error will be considered. Rule of Practice in the Supreme Court, No. 19 (3).

MANUFACTURING CORP. *v.* MUTUAL EXCHANGE.

APPEAL by plaintiff from *Armstrong, J.,* at December Term, 1937, of
MOORE.

Civil action to recover on alleged contract for fertilizer sold and deliv-
ered on consignment.

Plaintiff alleges that between the dates of 6 March, 1934, and 3 July,
1934, it sold and delivered to defendant, on consignment, fertilizers of
various kinds at the aggregate price of $18,903.66, of which there is a
balance of $1,371.57 due after demand and payment refused. Defend-
ant denies the allegations of the plaintiff and avers that it purchased
and received on consignment from Producers Mutual Exchange of North
Carolina fertilizer of the amount alleged upon the express contract and
agreement that it would retail same for a selling commission of $1.50 per
ton, and that it had fully accounted to the said exchange. On the trial
below the parties offered evidence tending to support their respective
contentions. The case was submitted to the jury upon the single issue
of indebtedness. There was verdict and judgment for defendant, from
which plaintiff appealed to the Supreme Court, and assigns error.

*Johnson & McCluer for plaintiff, appellant.*
*Mosley G. Boyette for defendant, appellee.*

PER CURIAM. Appellant expressly abandons all assignments of error
except that relating to Exception No. 5, which is untenable. The
assignment covering this exception is in this language: "Jack Blue,
witness for the defendant, appellee, testified: 'I was employed by the
Moore County Mutual Exchange during the year 1934 as bookkeeper.
I was present in January, 1934, when Mr. Miles of the Producers
Mutual Exchange of Durham came there.' Q. Did you hear a conver-
sation between Mr. Miles and Mr. McCrimmon with respect to the
Moore County Mutual Exchange handling fertilizer for Mr. Miles dur-
ing 1934? Objection; overruled; and plaintiff excepts, and this is
plaintiff's Exception No. 5. A. Yes, sir. R., p. 25." The question
alone is not objectionable. The answer is harmless.

Plaintiff discusses the competency of the testimony of the witness as
to what the conversation was. But the record fails to show exception to
the separate question eliciting same or to the statement by the witness
of the substance of the conversation, and there is no assignment thereon.
Exceptive assignments of error, and none other, are considered on appeal.
Rule 19, sec. 3, of Rules of Practice in the Supreme Court, 200 N. C.,
824; *In re Will of Beard,* 202 N. C., 661, 163 S. E., 748; *S. v. Bittings,*
206 N. C., 798, 175 S. E., 299.

We find

No error.