STATE *v.* LOWE.

---

STATE AND ELLEN F. LOWE v. CHARLES N. LOWE

(Filed 3 May, 1961.)

**1. Courts § 14—**

A recorder's court established under G.S. 7-218 has jurisdiction of all criminal offenses below the grade of felony, G.S. 7-222, and therefore has jurisdiction of a proceeding under the Uniform Reciprocal Enforcement of Support Act to enforce an award of alimony rendered by a court of competent jurisdiction of another State. G.S. 52A-9.

**2. Husband and Wife § 18—**

The wilful failure of a husband to support his wife is a misdemeanor. G.S. 14-322 and G.S. 14-325.

APPEAL by defendant from *Preyer, J.,* November 7, 1960 Civil Term of RANDOLPH.

On 7 October 1960 Plaintiff Ellen F. Lowe filed a complaint with the clerk of the Recorder's Court of Randolph County alleging an award of alimony and support made to her by the Court of Common Pleas of Anderson County, South Carolina, in an action there entitled *Charles M. Lowe v. Ellen Faye Lollis Lowe.* She prays for enforcement of that decree as provided by the Uniform Reciprocal Enforcement of Support Act. G.S. c. 52A. In response to a summons defendant appeared, entered a special appearance, and moved to dismiss "for lack of jurisdiction on the ground that Randolph County Recorder's Court was not a court of record as contemplated in G.S. 52A-3 and defined in G.S. 7-326." Because of the failure of the judge of the Recorder's Court to promptly rule on the motion, defendant applied

for writ of *recordari* which was granted. Judge Preyer, after examining the records, concluded the Recorder's Court of Randolph County had jurisdiction. He remanded the cause to the "Recorder's Court of Randolph County to be disposed of according to law." Defendant appealed.

*Attorney General T. W. Bruton and Staff Attorney Richard T. Sanders for the State.*

*Ottway Burton and Linwood T. Peoples for defendant appellant.*

PER CURIAM. The Recorder's Court of Randolph County was established pursuant to the authorization given by G.S. 7-218. By express language courts created pursuant to that section are courts of record. They have jurisdiction of all criminal offenses "below the grade of a felony." G.S. 7-222.

The wilful failure of a husband to support his wife is a misdemeanor. G.S. 14-322, 14-325.

Jurisdiction of proceedings under the Uniform Reciprocal Enforcement of Support Act are vested in courts of record "having jurisdiction to determine liability of persons for the support of dependents in any criminal proceeding." G.S. 52A-9. When the statute was first enacted in 1951 jurisdiction was confined to the Superior Courts, but the statute was amended in 1955 and 1959. Courts established pursuant to the authority given by G.S. 7-218 now have jurisdiction to hear and determine complaints of the character filed by plaintiff in the Recorder's Court of Randolph County.

Affirmed.