ELSA LAGOS CLINE, PETITIONER v. FRANK CLINE, JR., RESPONDENT

No. 6925SC505

(Filed 19 November 1969)

1. Parent and Child § 10— child support — jurisdiction — Uniform Support Act

   Jurisdiction of all proceedings under the Uniform Reciprocal Enforcement of Support Act is vested in any court of record in the state having jurisdiction to determine liability of persons in a criminal proceeding for the support of dependents. G.S. 52A-9.

2. Parent and Child § 9; Husband and Wife § 18— failure to support — misdemeanor

   The willful failure of a husband or parent to provide support is a misdemeanor. G.S. 14-322; G.S. 14-325; G.S. 49-2.

3. Criminal Law § 16; Parent and Child § 9— exclusive original jurisdiction — district court — misdemeanor

   The district court has exclusive original jurisdiction of misdemeanors, G.S. 7A-272, including actions to determine liability of persons for the support of dependents in any criminal proceeding.

4. Parent and Child § 10— jurisdiction of district court — Uniform Support Act

   The district court has exclusive original jurisdiction to entertain a proceeding pursuant to the Uniform Reciprocal Enforcement of Support Act.

5. Parent and Child § 10— proceeding under Uniform Support Act

   A proceeding under the Uniform Reciprocal Enforcement of Support Act is a civil proceeding as in actions for alimony without divorce. G.S. 52A-12.

6. Appeal and Error § 1— jurisdiction on appeal — civil cases from district court

   Civil proceedings are appealable directly from the district court to the Court of Appeals. G.S. 7A-27.

**7. Parent and Child § 10;    Appeal and Error § 16—    appeal from Uniform Support proceeding — jurisdiction of superior court**

    A proceeding in the district court under the Uniform Reciprocal Enforcement of Support Act is appealable directly from the district court to the Court of Appeals, and a judge of the superior court has no authority to grant petitioner an extension of time to perfect an appeal from the district court to the Court of Appeals but he does have authority to give petitioner an additional 60 days to prepare the case on appeal to the Court of Appeals from an order entered by him which remanded the proceeding to the district court.

**8. Appeal and Error § 24—    abandonment of exceptions**

    Exceptions not filed in the record are deemed abandoned. Rule of Practice in the Court of Appeals No. 19(c).

APPEAL by respondent from *Collier, J.,* 10 August 1969 Session, CATAWBA County Superior Court.

Proceeding under Uniform Reciprocal Enforcement of Support Act.

On 17 April 1969 there was filed in the office of the Clerk of Superior Court of Catawba County a certificate from the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, to which was attached a certificate and order of Circuit Judge William A. Herin, dated April 4, 1969; a petition of Elsa Lagos Cline verified 28 March 1969; an information sheet attached thereto and a copy of the Florida statute, together with an insolvency affidavit. These papers had been mailed to the Clerk of Superior Court, County of Columbia, [*sic*] Whiteville, North Carolina, on 8 April 1969.

The certificate and order of Judge Herin certified that the petitioner had instituted the proceeding "to compel the support of the above-named Petitioner and of any other Dependents named in the Petition"; that the respondent was believed to be residing in Hickory, North Carolina; that the respondent had a duty to support the dependents listed in the petition and should be dealt with according to law; it was thereupon ordered and decreed that certified copies of the petition and of the Judge's certificate be sent to the Clerk of Superior Court, County of Columbia Courthouse, [*sic*] Whiteville, North Carolina, for appropriate action and proceedings under the reciprocal laws of the State of North Carolina and the State of Florida.

The petition set out that petitioner was the former wife of respondent and mother of Geovanna, born 16 November 1966; that respondent is the father of Geovanna and said child is entitled to

support from respondent; that respondent since August 1966 has refused to provide support for dependent; that respondent is residing in Hickory, North Carolina, and that North Carolina has a Uniform Reciprocal Enforcement of Support Act similar to the one in Florida.

The record does not show how the papers got from Whiteville, North Carolina, to Catawba County, North Carolina. At any rate, the Deputy Clerk of the District Court of Catawba County under date of 17 April 1969 issued a notice to the respondent notifying him (1) that the papers had been docketed in the District Court of Catawba County, (2) that the matter would be presented to the Judge of the District Court of Catawba County in the courtroom in Hickory, to enter an order of support against the respondent and (3) that the respondent would be afforded an opportunity to present testimony and argument against the entry of such an order.

On 29 April 1969 the respondent answered the petition and denied that he was ever married to the petitioner or in any way liable for support to the petitioner or of Geovanna Lagos, the daughter of the petitioner. He alleged that this matter had previously been before the District Court of Catawba County, North Carolina, and the proceeding had been quashed and dismissed by an order of Judge Keith S. Snyder dated 11 September 1967; that no appeal had been taken from the previous adjudication and that to order this respondent to support Geovanna Lagos would be a violation of law.

The matter was heard, evidence offered and an order was entered by Judge Keith S. Snyder dated 2 May 1969 finding certain facts including:

> "Now, therefore, the Court finds that Geovanna Lagos, also known as Geovanna Lagos Cline, who was born on November 16, 1966, is not an obligee of Franklin Smith Cline; and that Franklin Smith Cline is not an obligor of Geovanna Lagos, also known as Geovanna Lagos Cline, and that the claim of Elsa Lagos Cline, also known as Elsa Lagos, also known as Elsa M. Lagos has no meritorious claim for an order of support, either for herself, or for her child, Geovanna Lagos, also known as Geovanna Lagos Cline.
>
> It Is Further Ordered that the petition filed in this matter, Docket Number 69Cr5593. be dismissed."

The evidence introduced supported the findings made by Judge Snyder.

To the entry of this order by Judge Snyder, the petitioner gave notice of appeal in open court. This matter was then placed on the

calendar of the Superior Court of Catawba County at the 4 August 1969 Criminal Session. The respondent at that time filed a motion to dismiss the matter in the Superior Court. Judge Collier entered the following order:

"This cause coming on to be heard and being heard before the Honorable Robert A. Collier, Jr., Judge Presiding at the August 4, 1969 Criminal Term of the Superior Court of Catawba County upon motion by the respondent that this cause be dismissed from the Criminal Docket of the Superior Court of Catawba County. The respondent was represented by J. Carroll Abernethy, Jr., and the petitioner in the original action by W. Gene Sigmon of the law firm of Sigmon & Sigmon of Newton, North Carolina. After examining and studying the Motion filed in this matter, and hearing argument of counsel, the Court makes the following findings of fact:

1. That this action is a Reciprocal Non-Support Action which was heard in the District Court in Catawba County on May 2, 1969 by the Honorable Keith S. Snyder, Judge Presiding.

2. That at said hearing on May 2, 1969, the Honorable Keith S. Snyder, Judge Presiding, after making certain findings of facts, found as follows:

'Now, therefore, the Court finds that Geovanna Lagos, also known as Geovanna Lagos Cline, who was born on November 16, 1966 is not an obligee of Franklin Smith Cline; and that Franklin Smith Cline is not an obligor of Geovanna Lagos, also known as Geovanna Lagos Cline, and that the claim of Elsa Lagos Cline, also known as Elsa Lagos, also known as Elsa M. Lagos, has no meritorious claim for an order of support, either for herself, or for her child, Geovanna Lagos, also known as Geovanna Lagos Cline.

It is further Ordered that the petition filed in this matter, Docket Number 69Cr5593, be dismissed.'

3. That from the said Order of the Honorable Keith S. Snyder, Judge Presiding at the District Court on May 2, 1969 at Hickory, North Carolina, the petitioner by and through her attorney, W. Gene Sigmon, in open court, gave notice of appeal. That this appeal entry was added to the Order and signed by the Honorable Keith S. Snyder, Judge Presiding.

4. That this cause was docketed for trial on the August 4th Term of the Criminal Division of the Superior Court of

Catawba County and set for trial on Wednesday, August 6, 1969, and that at that time the respondent moved that the action be dismissed from the criminal court docket on the grounds that it was not a criminal action.

5. That the Court finds as a fact that an appeal by a petitioner from an Order of the District Court in favor of the respondent is not a criminal action and that an appeal does not lie to the criminal division of the Superior Court or to the Superior Court.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that this matter be remanded from the Superior Court Criminal Docket of the Catawba County Superior Court to the District Court Docket of the Catawba County District Court. IT IS FURTHER ORDERED that the petitioner be and she is hereby granted a 60-day extension of time in which to prepare and serve her case on appeal to the Court of Appeals of the State of North Carolina. The respondent is granted 30 days thereafter in which to prepare and serve his case on appeal.

By Consent of the attorney for the Petitioner and the attorney for the Respondent, it was agreed that this Order might be signed by the Court out of the county, out of the term, and out of the district.

This 10th day of August, 1969.

/s/ Robert A. Collier, Jr.,
Judge Presiding"

From that portion of Judge Collier's Order granting the petitioner additional time in which to prepare and serve case on appeal, the respondent objected and took an exception and appealed to this court. The respondent also filed a motion in this court to docket and dismiss the petitioner's case on appeal for failure to perfect and serve and file same. in apt time.

*J. Carroll Abernethy, Jr., for respondent appellant.*

*Sigmon and Sigmon by W. Gene Sigmon for petitioner appellee.*

CAMPBELL, J.

The Uniform Reciprocal Enforcement of Support Act was adopted in North Carolina in 1951. For the background of the Act see *Mahan v. Read*, 240 N.C. 641, 83 S.E. 2d 706 (1954). For comments pertaining thereto, see 29 N.C.L. Rev. 423 and Lee, North Carolina Family Law, § 169. See .also 38 N.C.L. Rev. 1 for an article on the subject of family support.

**[1]**    The Act was amended in 1955 and again in 1959. When the statute was first enacted in 1951, jurisdiction was confined to the Superior Courts. Now the Act provides:

> ". . . Jurisdiction of all proceedings hereunder shall be vested in any court of record in this State having jurisdiction to determine liability of persons for the support of dependents in any criminal proceeding." G.S. 52A-9.

**[2, 3]**    The willful failure of a husband or parent to provide support is a misdemeanor. *State v. Lowe*, 254 N.C. 631, 119 S.E. 2d 449 (1961); G.S. 14-322, 14-325, and 49-2. The District Court in North Carolina has exclusive original jurisdiction of misdemeanors, G.S. 7A-272, including actions "to determine liability of persons for the support of dependents in any criminal proceeding."

**[4]**    The District Court was established and became operative on the first Monday in December 1966 for the Twenty-Fifth District which includes Catawba County. G.S. 7A-131. Therefore, the District Court had exclusive original jurisdiction to entertain a proceeding pursuant to the Uniform Reciprocal Enforcement of Support Act.

**[5-7]**    A proceeding under the Uniform Reciprocal Enforcement of Support Act is a civil proceeding "as in actions for alimony without divorce." G.S. 52A-12. Civil proceedings are appealable directly from the District Court to the Court of Appeals. G.S. 7A-27. Since the instant civil action was brought in the court designated as the one with exclusive original jurisdiction, the District Court, appeal would properly lie to the Court of Appeals.

**[7]**    Judge Collier properly found and adjudicated that an appeal did not lie from Judge Snyder's order in the District Court to the Superior Court. The additional order of Judge Collier granting the petitioner a 60-day extension of time in which to prepare and serve her case on appeal to the Court of Appeals was a nullity if it was intended to give additional time to perfect the appeal from Judge Snyder's order in the District Court. The Superior Court was not the trial tribunal, and Judge Collier, as a Superior Court Judge, had no authority to grant an extension of time to perfect an appeal from the District Court to the Court of Appeals.

**[8]**    If the extension of time of 60 days given by Judge Collier was intended to give the petitioner an additional 60 days to prepare and perfect her case on appeal to the Court of Appeals from the order entered by Judge Collier in the Superior Court, it was valid. The petitioner did give notice of appeal from Judge Collier's Order,

but did not file any exceptions, and therefore all exceptions of the petitioner are deemed abandoned. Rule 19(c), Rules of Practice in the Court of Appeals of North Carolina.

The time for perfecting an appeal from Judge Snyder in the District Court has expired. The motion of the respondent to dismiss the appeal from the District Court is allowed.

The result is that the Order in this cause entered by Judge Snyder dated 2 May 1969 and filed 14 May 1969 is in full force and effect.

PARKER and GRAHAM, JJ., concur.