HERMAN FLAKE BRASWELL, INDIVIDUALLY, AND CLYDE M. HUNTLEY, INDIVIDUALLY AND ALSO AS BISHOP AND ELDER OF THE SHILOH TRUE LIGHT CHURCH OF CHRIST, RESPECTIVELY AND THE SHILOH TRUE LIGHT CHURCH OF CHRIST v. JAMES ROMMIE PURSER, JAMES TED GRIFFIN, MARLEY C. GRIFFIN, ROBERT L. WATSON AND TIMMY EARP

JAMES ROMMIE PURSER, INDIVIDUALLY, AND AS ELDER OF THE SHILOH TRUE LIGHT CHURCH OF CHRIST, ROBERT L. WATSON, INDIVIDUALLY, AND AS DEACON OF THE SHILOH TRUE LIGHT CHURCH OF CHRIST ON BEHALF OF THE SHILOH TRUE LIGHT CHURCH OF CHRIST AND THE MEMBERS THEREOF v. HERMAN FLAKE BRASWELL, CLYDE M. HUNTLEY, NANCY HUNTLEY, M. E. AUSTIN, DEVON HILL, NETTIE S. HORD, GLENN E. AUSTIN, PHYLLIS ANN AUSTIN, AND ALL OTHER PERSONS IN ACTIVE CONCERT WITH THEM

No. 7226DC464

(Filed 30 August 1972)

1. **Appeal and Error § 30— competency of evidence — absence of objection or exception**

    The competency of evidence is not presented when there is no objection or exception to its admission, and such evidence is properly considered by the court even though it is incompetent and should have been excluded had objection been made.

2. **Appeal and Error § 24— abandonment of exceptions**

    Exceptions not brought forward and assigned as error are deemed abandoned.

Braswell v. Purser and Purser v. Braswell

**3. Trial § 33— instructions — subordinate features**

When the court adequately charges on all substantive features of a case, it is not error for the court to fail to give instructions on subordinate features, since the party desiring such instruction or greater elaboration must request it.

**4. Religious Societies and Corporations § 2— institutional church — connectional church**

The terms "institutional church" and "connectional church" are synonymous.

**5. Religious Societies and Corporations § 3— determination of church leadership —instructions — definitions of terms**

The trial court in an action to determine the true leadership of a religious society sufficiently defined the terms "connectional church," "congregational church," and "conference," and failure of the court to define such terms in the precise manner desired by appellants was not error, particularly when no request for specific instructions was submitted.

**6. Trial § 34— instructions on contentions**

The trial court is not required to state the contentions of the parties, but if the court undertakes to state the contentions of one party upon a particular aspect of the case, the court must give the contentions of the adverse party.

**7. Religious Societies and Corporations § 3— action to determine church leadership —..statement of plaintiffs' contentions**

In an action to determine the true leadership of a religious society, the trial court did not err in failing to state plaintiffs' contentions as to the law of usages, customs and practices of the church, as to who constituted the conference, as to the authority of one plaintiff, as to why the church was not congregationally governed and as to the invalidity of an election by the religious society, where the charge accurately reflects the essential features of the case and no request was made for additional instructions as to plaintiffs' contentions.

**8. Trial § 31— peremptory instruction**

A peremptory instruction in favor of the party having the burden of proof is proper only when there is no conflict in the evidence and all the evidence tends to support such party's right to relief.

**9. Religious Societies and Corporations § 3— leadership of church — failure to give peremptory instructions**

In an action to determine the true leadership of a religious society, the trial court did not err in failing to give peremptory instructions in favor of plaintiff on issues as to whether a church was a connectional church governed by a chief elder, chief bishop or a person referred to as head of the church, whether plaintiff was the duly elected chief elder, chief bishop or head of the church, and whether plaintiff had authority as chief elder, chief bishop or head of the church to appoint elders of the separate societies, where the evidence was conflicting on all three issues.

10. **Appeal and Error § 45— abandonment of assignments of error**

Assignments of error not brought forward and argued in the brief are deemed abandoned. Court of Appeals Rule 28.

11. **Religious Societies and Corporations § 3— leadership of church — issues**

In an action to determine the true leadership of a religious society, the evidence supported the submission of an issue as to whether defendant had been duly elected as elder of the society at either one of two elections held by the congregation.

12. **Trial § 20— failure to move for directed verdict or nonsuit — issue raised on appeal**

Appellants who failed to move for a directed verdict or for nonsuit at the close of the evidence cannot raise such an issue for the first time on appeal.

13. **Appeal and Error § 24— assignment presenting several questions**

An assignment of error which is based on separate exceptions and which attempts to present several questions of law is broadside and ineffective.

14. **Appeal and Error § 24— assignment of error — showing of question presented**

An assignment of error must show within itself the question sought to be presented, and a mere reference to the record page where the asserted error may be discovered is not sufficient.

15. **Religious Societies and Corporations § 3; Trial § 10— reasons for excluding evidence — expression of opinion**

In an action to establish the true leadership of a religious society, the trial court did not express an opinion on the evidence when, in sustaining an objection to a question plaintiff had asked defendant, the court stated that defendant was not qualified as an ecclesiastical scholar and that the question inquired into doctrinal matters over which the court had no jurisdiction, since the court was merely stating the reasons for excluding the testimony and the court's conclusion was correct. G.S. 1A-1, Rule 51(a).

16. **Religious Societies and Corporations § 3; Trial § 10— expression of opinion — reference to "this man's church"**

In an action to determine the true leadership of a religious society, the trial court did not express an opinion in referring to "this man's church at Shiloh" even if the court was referring to defendant, as the statement only indicated defendant's membership in the church and did not intimate that defendant's rights were any greater than those of plaintiff.

17. **Religious Societies and Corporations § 3; Trial § 10— determination of church leadership — expression of opinion**

In an action to determine the true leadership of a religious society, the trial court did not express an opinion in stating that the court had heard enough as to plaintiff's being carried out of the

church, that it was not important in the decision and that a lot of time was being wasted on that point.

Chief Judge MALLARD dissents.

APPEAL by plaintiffs (*Braswell v. Purser,* case number 69 CVD 11258) and defendants (*Purser v. Braswell,* case number 70 CVD 2332) from *Stukes, District Judge,* 29 November 1971 Session of MECKLENBURG District Court.

These two actions involve the leadership of the Shiloh True Light Church of Christ (Shiloh) located in Mecklenburg County. A summary of material pleadings and orders in each case is appropriate.

### BRASWELL, et al v. PURSER, et al

This action was brought by "Herman Flake Braswell, Individually, and Clyde M. Huntley, Individually and also as Bishop and Elder of the Shiloh True Light Church of Christ, Respectively and the *Shiloh True Light Church of Christ v. James Rommie Purser, James Ted Griffin, Marley C. Griffin, Robert L. Watson and Timmy Earp.*" It was instituted on 31 December 1969 and the complaint is summarized as follows:

Shiloh is one of a number of True Light Churches of Christ (True Light Church) located in North Carolina and South Carolina. Each church is a society presided over by an elder appointed by the head bishop, also known as the head elder. The head bishop is the highest officer in the church government. Each elder may appoint a member of his society to assist him in his duties, said assistant being designated as a preacher. The head bishop is elected at a conference composed of elders and preachers of the various societies.

On 23 December 1969 the head bishop, E. H. Mullis (Mullis), an elder at Shiloh, died and on 26 December 1969 at a conference of elders and preachers called in accordance with established procedure, plaintiff Braswell (Braswell) was duly elected head bishop of the True Light Church. On 28 December 1969 Braswell appointed plaintiff Huntley (Huntley) elder for Shiloh. (Huntley died before the trial). Prior to his death Mullis appointed Purser his assistant at Shiloh but Purser's appointment terminated following Mullis's death and Braswell's appointment of Huntley as elder of Shiloh.

On Sunday, 28 December 1969, Braswell, as head bishop, went to Shiloh for the purpose of presiding over a regular worship service but was physically removed from the Shiloh church building by defendants other than Purser but with Purser's approval. On said occasion defendants threatened Braswell with violence and prevented him from exercising the powers and duties of the office to which he had been duly elected. After Braswell was removed from the building Purser took charge and presided over the service. Neither of defendants was a duly elected official of Shiloh. Plaintiffs prayed for a temporary restraining order and a permanent injunction restraining and enjoining defendants from interfering with plaintiffs in the execution, performance and enjoyment of their privileges, rights and duties as head bishop and elder.

Defendants' answer, filed 6 February 1970, is summarized as follows:

Continuously since its organization in 1906 Shiloh has been a separate entity congregationally ruled. For many years prior to his death Mullis served Shiloh as its spiritual leader, having been elected elder by the membership of Shiloh. For some three years prior to Mullis's death and at his request and with the consent of Shiloh members, Purser served as Mullis's assistant. Following Mullis's death a majority of the Shiloh membership elected Purser to serve as elder.

So far as defendants know, at the time this action was instituted Shiloh was the only church of its kind in the United States meeting on a regular weekly basis. Prior to December 1969 there had been three churches of like faith in South Carolina and two in Union County, North Carolina, but they had ceased to function regularly.

In previous years when the other churches or societies were functioning, the elders of the various societies would meet periodically in conference but there was never any attempt by the conference to dictate policy to or control of any local society or deprive the membership of a local society of its right to select its leaders and otherwise control its program. Since the institution of this action plaintiffs have attempted to reactivate some of the former societies. Defendants prayed that the court determine the rightful officials of Shiloh and enjoin all others from interfering with said officials.

On 2 March 1970, following a hearing on plaintiffs' motion for a temporary injunction, an order was entered finding facts in favor of defendants and denying plaintiffs' motion.

## PURSER, et al v. BRASWELL, et al

This action was brought by "James Rommie Purser, Individually, and as Elder of the Shiloh True Light Church of Christ, Robert L. Watson, Individually, and as Deacon of the Shiloh True Light Church of Christ, Robert L. Watson, Individually, and as Deacon of the Shiloh True Light Church of Christ on Behalf of the Shiloh True Light Church of Christ and the Members Thereof v. Herman Flake Braswell, Clyde M. Huntley, Nancy Huntley, M. E. Austin, DeVon Hill, Nettie S. Hord, Glenn E. Austin, Phyllis Ann Austin, and all other Persons in Active Concert With Them." The action was instituted on 4 March 1970 and the complaint is summarized as follows:

Shiloh has been and is congregationally ruled and its members have a right to choose their own leaders and to govern and manage their own affairs. On 14 January 1970 at a duly called meeting, the membership of Shiloh elected Purser as its elder and he is now serving in that capacity. On Sunday, 1 March 1970, as Purser was conducting the regularly scheduled worship service at Shiloh, certain of defendants entered the church building in a loud, boisterous and menacing manner and demanded that Purser remove himself from the pulpit. Purser was unable thereafter to conduct the service and for fear that there would be violence adjourned the meeting. Braswell was not present at the time of the disruption but on information and belief plaintiffs allege that those disrupting the service were acting at Braswell's direction. Braswell and those acting in concert with him have no authority to exercise any control at Shiloh. Plaintiffs prayed for injunctive relief.

In their answer defendants denied the material allegations of the complaint and in a further answer and cross action, with some variations, set forth substantially the same allegations as contained in their action previously filed. One of the variations is that the elders, *deacons* and preachers of the respective societies constituted the conference and elected the head bishop. They also elaborated on the customs, practices,

usages and doctrines of the True Light Church and alleged in some detail how Purser had departed from the principles of the church.

On 13 March 1970 following a hearing the district court entered an order finding facts substantially as alleged by Purser, particularly that Braswell is not "Bishop" or "Head Bishop" and is without any authority to rule Shiloh, and that Braswell and those acting in concert with him be enjoined from directly or indirectly interfering with worship services at Shiloh.

\*    \*    \*    \*    \*    \*

On 29 November 1971 Braswell's attorney, James J. Caldwell, Esq., filed a motion setting forth that his clients desired to represent themselves in the trial in these actions and asked that he be allowed to withdraw as counsel. With the written consent of Braswell and his codefendants in the second case, the court entered an order allowing Attorney Caldwell to withdraw.

By agreement of the parties the cases was consolidated for trial. At trial Braswell proceeded as plaintiff and served as his own counsel. He called as an adverse witness Purser whose testimony covers some 126 pages in the record. Braswell attempted to show that the True Light Church is a religious denomination with a connectional form of government. Purser attempted to show by his testimony and witnesses presented by him that the True Light societies, particularly Shiloh, are local churches, congregationally controlled. The evidence failed to disclose any written document providing for the government of the local society or the conference. Braswell did introduce a small seven page publication entitled "Articles of Faith of the Truelight Church of Christ" which addressed itself to doctrines and beliefs of the True Light Church but said nothing about church government. Braswell also introduced a document entitled "Minutes of the 1920-1924 Conferences of the Truelight Church of Christ." The latter document indicated that between November 1920 and December 1924 annual conferences composed of elders, preachers and deacons of the various societies were held. The minutes reveal that a chairman for the conference was elected by the conference at the 1920, 1921 and 1922 meetings; and that at the 1923 meeting J. D. Reynolds and R. H. Reynolds were elected "to serve permanently as chairman and clerk, respectively." Further reference to the minutes is made in the opinion.

Braswell v. Purser and Purser v. Braswell

The parties stipulated that the Shiloh Church property was conveyed by deed dated 16 January 1906 "to the deacons of Shiloh Church known as True Light Church, W. E. Pinyon, R. D. Huntley, M. L. Huntley, deacons of said church and their successors in office to be held by them for and on behalf of the church and its membership."

Issues were submitted to and answered by the jury as follows:

1. Is the Truelight Church of Christ a connectional church governed by a Chief Elder, Chief Bishop or by a person referred to as Head of the Truelight Church of Christ?

ANSWER: No.

2. If so, was Herman Falke (sic) Braswell duly elected as Chief Elder, Chief Bishop or Head of the Church at a duly called and constituted conference of the Truelight Church of Christ on December 26, 1969?

ANSWER: _____.

3. If so, does Herman Flake Braswell, as such Chief Elder, Chief Bishop or Head of the Church, have authority to appoint Elders of the separate societies, including the Shiloh Truelight Church of Christ?

ANSWER: _____.

4. Is the Truelight Church of Christ a congregationally governed church?

ANSWER: Yes.

5. If so, was James Rommey Purser duly elected as Elder of the Shiloh Truelight Church of Christ by the congregation thereof on December 28, 1969, or on January 14, 1970.

ANSWER: Yes.

The trial judge charged the jury, *inter alia*, that if they answered the first issue No, they would not answer the second and third issues but would proceed to consider and answer the fourth and fifth issues.

The court entered judgment predicated on the verdict, adjudging that the True Light Church is a congregationally

governed church, that Purser is the duly elected elder of Shiloh, and permanently enjoining Braswell and his codefendants in the second action from interfering with the operation of Shiloh. Braswell and his codefendants in the second action appealed from the judgment and reemployed Attorney Caldwell to represent them on appeal.

*James J. Caldwell for plaintiff appellants.*

*Bailey & Davis by Douglas A. Brackett for defendant appellees.*

BRITT, Judge.

[1, 2] Neither of the numerous assignments of error is based on the introduction of exclusion of evidence. No doubt the lack of exceptions to the evidence is attributable to the fact that appellant Braswell, without prior legal experience, chose to represent himself. There being no assignments of error concerning the introduction or exclusion of evidence brought forward all the evidence is deemed to be competent. The competency of evidence is not presented when there is no objection or exception to its admission and such evidence is properly considered by the court even though the evidence is incompetent and should have been excluded had objection been made. *Lambros v. Zrakas,* 234 N.C. 287, 66 S.E. 2d 895 (1951); *Manufacturing Corp. v. Mutual Exchange,* 213 N.C. 658, 197 S.E. 196 (1938). Where exceptions are taken they must be brought forward and assigned as error or they are deemed abandoned. *Iredell County v. Crawford,* 262 N.C. 720, 138 S.E. 2d 539 (1964); *Cline v. Cline,* 6 N.C. App. 523, 170 S.E. 2d 645 (1969).

Twelve of appellants' sixteen assignments of error relate to exceptions to the court's charge to the jury. For purpose of discussion similar portions of assignments of error will be considered together.

[3] Appellants contend in assignments of error 1, 2, 4, and 15 that the court erred in failing to define certain words, phrases or terms. It is the duty of the court to charge the law applicable to the substantive facts of the case without special request, *Panhorst v. Panhorst,* 277 N.C. 664, 178 S.E. 2d 387 (1971); however, where the court adequately charges on

all substantive features of a case it will not be error to fail to give instructions on subordinate features of the case, since the party desiring such instruction or greater elaboration is under a duty to request it. *Koutsis v. Waddel,* 10 N.C. App. 731, 179 S.E. 2d 797 (1971).

The words and terms alleged to be insufficiently defined or necessary to be defined are "institutional church," "connectional church," "congregational church" and "conference."

[4] Two types of church government are generally recognized, congregational and connectional. In 45 Am. Jur., Religious Societies, § 4, p. 725, we find: "Under some systems each church or religious society is an independent body, with a congregational form of government, not subject to the control of any higher ecclesiastical judicature, but a law unto itself, and self-governing in its religious functions. Under other systems a local church is but a member of a larger and more important religious organization, and is under its government and control, and the voluntary act of joining the general denominational organization subjects the local church to its rules and regulations." We think the terms "institutional church" and "connectional church" are synonymous.

[5] In its charge the court spelled out what is meant by a "connectional church," that such a church is a member of a conference or similar higher body and could be subject to a person appointed or elected by the higher body. The court then gave a definition of "congregational church" stating in essence that such a church is independent and its affairs are governed by the congregation, i.e., its members. The word "conference" was defined by analogy as being a higher organizational body than the individual church. We think the definition of terms was sufficient under the evidence in this case. *Conference v. Creech, et al,* 256 N.C. 128, 123 S.E. 2d 619 (1962). The failure of the court to define the terms in the precise manner desired by appellants was not error, particularly when no requests for specific instructions were submitted.

[6, 7] Appellants contend in assignments of error 1, 2, 3, 4, and 5 that the court erred in failing to state the contentions of appellants to the jury. The trial court is not required to state the contentions of the parties. *In re Will of Wilson,* 258 N.C.

310, 128 S.E. 2d 601 (1962). But if the court undertakes to state the contentions of one party upon a particular aspect of the case, it is incumbent upon the court to give the contentions of the adverse party. *Key v. Welding Supplies,* 273 N.C. 609, 160 S.E. 2d 687 (1968). In this case the court carefully gave the contentions of each party when contentions of either were given thus complying with the rule. We perceive no error in the failure of the court, absent a request to do so, to state appellants' contentions as to the law of usages, customs and practices of the True Light Church, as to who constituted the conference, as to the authority of appellant Braswell, as to why the church was not congregationally governed and as to the invalidity of the election. After reviewing the charge we hold that it accurately reflects the essential features of the case and that in the absence of a request for further instructions or in apt time asking the court to give further or different contentions, the charge as to contentions is sufficient. *Peterson v. McManus,* 210 N.C. 822, 185 S.E. 462 (1936).

Appellants next contend in assignments of error 10, 14 and 15 that the court erred in the manner in which it instructed the jury. Assignments of error 10 and 14 deal with the court's failing to instruct the jury that if they believed that there were numerous societies, that it was the custom and practice of the church to have conference meetings with representatives from the various societies with one representative designated as head elder and recognized as the head of the church, whether designated or not, then the first issue should be answered yes. We find no merit in the assignments and hold that the instructions given on the first issue were sufficient, absent a request for further instructions. Assignment of error 15 alleges error in not instructing the jury that a society may be congregational as to election of local officers, but connectional as far as election of conference officers are involved. Again, we think the portion of the charge explaining "connectional" and "congregational" was sufficient absent a request for special instructions. The court adequately charged the law on every material aspect of the case arising on the evidence and applied the law fairly to the various factual situations presented by the evidence, therefore, the charge was sufficient and will not be held error for failure of the court to give instructions on subordinate features of the case, since it is the duty of a party desiring

greater elaboration to tender a request therefor. 7 Strong, N.C. Index 2d, Trial, § 33, p. 329.

Appellants contend in assignments of error 2, 3 and 9 that the court erred in failing to give peremptory instructions as to issues 1, 2 and 3, contending that the jury should have been instructed to answer the first three issues yes. They contend that all the evidence was conclusive on those three issues. This contention is without merit.

[8, 9] The jury answered the first issue no and the second and third issues were unanswered. As to the first three issues Braswell was plaintiff and as such the burden of proof rested on him. It is settled law that a peremptory instruction in favor of the party upon whom rests the burden of proof is proper when there is no conflict in the evidence and all the evidence tends to support the party's right to relief. *Flintall v. Insurance Co.*, 259 N.C. 666, 131 S.E. 2d 312 (1963). But a peremptory instruction for plaintiff is error when different inferences can be drawn from the facts admitted or established, or when the evidence is conflicting upon the issue. *Gouldin v. Insurance Co.*, 248 N.C. 161, 102 S.E. 2d 846 (1958); *Perry v. Trust Co.*, 226 N.C. 667, 40 S.E. 2d 116 (1946). A careful review of the evidence reveals that there was conflicting evidence as to all three issues and thus the right to any peremptory instruction is negated. As to the first issue appellants' own evidence, the minutes of the 1920-24 Conference of the True Light Church, provides on pages 35-37 as follows:

> "The government of the True Light Church is congregational ruled (sic) by a two-third (sic) majority in matters of discipline. . . . (a)nd further we would say when a community of True Lights increase to a sufficient number to justify it, they should organize by appointing one of their influential members of good report as Elder, to look after the spiritual welfare of that particular society."

As to the second issue the record is replete with testimony that no such position as Chief Elder or Chief Bishop exists, thereby raising a question for the jury. As to the third issue appellants' own evidence once again prohibits a peremptory instruction. The above quoted segment from the 1920-24 conference minutes indicates each society "appoints" an elder to lead that particular society. Therefore, the evidence being in

conflict as to all three issues the court was correct in not giving peremptory instructions as to those issues.

[10]  Appellants' assignments of error 6, 8, 11, 12 and 13 are not brought forward and argued in their brief as required by Rule 28 of the Rules of Practice in the North Carolina Court of Appeals, therefore, they are deemed to be abandoned. *Jackson v. Collins,* 9 N.C. App. 548, 176 S.E. 2d 878 (1970).

[11]  Appellants contend in assignment of error 5 that the court erred in allowing the jury on the question of the election of Purser as Elder at Shiloh to consider one of two elections to be valid. There is sufficient evidence to support the submission of this issue to the jury. It was a question of fact as to what would constitute a duly elected elder by the church (society) and the jury found that such an election occurred at one of two elections. It is not necessary in determining the rights of the parties to determine at which election Purser was duly elected. The assignment of error is overruled.

[12]  Appellants contend in assignment of error 7 that the court erred in failing at the close of all the evidence to direct a verdict in favor of plaintiff Braswell in the first case and in failing to nonsuit the plaintiffs Purser, et al, in the second case. A careful review of the record discloses that appellants failed to move for a directed verdict or for nonsuit at the close of the evidence; they cannot raise this issue for the first time on appeal. 7 Strong, N.C. Index 2d, Trial, § 20, pp. 291, 292. In addition it has been held that the court cannot direct a verdict in favor of the party having the burden of proof. *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971).

[13, 14]  Appellants contend "(t)he court erred in expressing an opinion through comments in those incidents too numerous to set out in this Assignment of Error, but which are based upon plaintiffs' Exceptions Nos." 2 through 50. The assignment sets forth the pages of the record on which the exceptions appear. Appellants then restate that the instances and comments are too numerous to set out but bring forward four instances that are supported by reason and argument. Where one assignment of error is based on separate exceptions and attempts to present several separate questions of law, it is ineffectual as a broadside assignment. *Hines v. Frink,* 257 N.C. 723, 127 S.E. 2d 509 (1962). The assignment must show

within itself the question sought to be presented and a mere reference in the assignment of error to the record page where the asserted error may be discovered is not sufficient. *In re Will of Adams,* 268 N.C. 565, 151 S.E. 2d 59 (1966). We consider only the instances brought forward and argued.

[15] On Pages 109-110 of the record appears a discussion between Braswell, Purser's attorney and the court which occurred during the course of Braswell's lengthy examination of Purser. Braswell stated: "I asked him if this doesn't verify that if the congregation refused to accept what the Conference Body presents to them that the Conference Body is clear of their blood, and that puts them under condemnation?" The court sustained an objection to the question and stated: "You're asking him for some interpretation of some scripture . . . . Now, you may later on, read in your argument to the jury and give your interpretation of it, but he can't do that . . . . His conclusions about it, I think, at this point, is incompetent because he hasn't been qualified as an ecclesiastical scholar, and another thing, I don't think he can testify to it if he was a scholar because you get into doctrinal matters which the court has no jurisdiction over."

We do not think the court expressed an opinion "whether a fact is fully or sufficiently proved" in violation of G.S. 1A-1, Rule 51(a). We think the court was merely stating an opinion as to the admissibility of the evidence and we agree with the conclusion. The legal or temporal tribunals of the State have no jurisdiction over, and no concern with, purely ecclesiastical questions and controversies. *Reid v. Johnston,* 241 N.C. 201, 85 S.E. 2d 114 (1954).

[16] Appellants contend that it was error for the court to refer to the Shiloh Church as "this man's church at Shiloh." They contend "this man's" refers to Purser and indicated that the court believed Purser was entitled to the church. If the remark is viewed in context there is no definite referral to Purser and even if Purser were being referred to in the statement it would seem to indicate only Purser's membership in the church and certainly did not intimate that Purser's rights to Shiloh were any greater than appellants'.

[17] Finally, appellants contend the court expressed an opinion in stating that the court had heard enough as to Braswell's being carried out of the church, that it was not important in the

decision and that a lot of time was being wasted on that point. Appellants contend this is the very reason an injunction was sought. We agree that this was the reason but it in no way could aid the jury in answering the issues submitted and particularly in determining whether Shiloh was a connectional or congregational church or society. The prohibition of an expression of opinion relates only to facts which are pertinent to the issues to be decided by the jury, and it is incumbent upon the appellant to show prejudice. *Kanoy v. Hinshaw,* 273 N.C. 418, 160 S.E. 2d 296 (1968); *Greer v. Whittington,* 251 N.C. 630, 111 S.E. 2d 912 (1960). We hold that appellants have failed to show any prejudice resulting from the remarks of the trial judge. The remarks did not constitute an expression of opinion, but were merely conscientious attempts to afford Braswell, acting by his own choice without counsel, every opportunity to present his evidence but at the same time exercise the court's responsibility to control and regulate the conduct of the trial.

We have carefully considered all of the assignments of error properly brought forward and presented but finding them without merit, they are all overruled.

No error.

Judge CAMPBELL concurs.

Chief Judge MALLARD dissents.