KAREN ANN AMAKER, PETITIONER v. JAMES A. AMAKER, RESPONDENT

No. 754DC738

(Filed 18 February 1976)

1. Parent and Child § 10— Uniform Reciprocal Enforcement of Support — jurisdiction of proceeding

The district court had exclusive original jurisdiction to entertain a proceeding under the Uniform Reciprocal Enforcement of Support Act. G.S. 52A-9.

2. Parent and Child § 10— Uniform Reciprocal Enforcement of Support — paternity — sufficiency of evidence

In a proceeding instituted under the Uniform Reciprocal Enforcement of Support Act petitioner's evidence was sufficient to support the trial court's findings that petitioner's child was born to petitioner and respondent out of wedlock, and that the parents subsequently married but thereafter separated, and these findings supported the

Amaker v. Amaker

court's conclusion that the respondent was obligated to support the minor child.

3. **Divorce and Alimony § 20— absolute divorce granted — subsequent finding of duty to support — error**

Evidence was insufficient to support the trial court's finding that plaintiff and respondent were still married at the time of trial where the evidence affirmatively showed that a judgment of absolute divorce was entered shortly before the hearing on this proceeding; thus, the trial court's finding and conclusion that petitioner was the dependent spouse and that respondent owed a duty of support to petitioner was erroneous. G.S. 50-11.

4. **Divorce and Alimony § 23— child support — alimony — identification of each allowance**

Where alimony is allowed and provision is also made for support of minor children, the order must separately state and identify each allowance. G.S. 50-13.4(e); G.S. 50-16.7(a).

APPEAL by respondent from *Turner, Judge.* Judgment entered 30 April 1975 in District Court, ONSLOW County. Heard in the Court of Appeals 14 January 1976.

This is a proceeding instituted in Virginia under the Uniform Reciprocal Enforcement of Support Act for the support of petitioner, Karen Ann Amaker, and a minor child, Chevelle Anita Amaker. The proceeding was forwarded to the District Court, Onslow County, and served on the respondent on 20 March 1975. In her petition and accompanying affidavit, petitioner alleged that she was married to James A. Amaker on 20 December 1972; that she separated from her husband in November 1973; that the parties were still married; that James Amaker was the father of her child, Chevelle Anita Amaker, born on 13 April 1969; that since the separation James Amaker had contributed nothing for the support of herself or the minor child, although he possessed the means and capability to do so; and that she was presently receiving $174.00 per month "welfare" payments for herself and her child. In addition to her petition and accompanying affidavit, petitioner appeared personally at the hearing before Judge Turner on 30 April 1975 and testified. Her testimony will be discussed more fully in our opinion.

The respondent filed no answer and did not testify at the hearing. However, through counsel, he offered into evidence documents tending to show the following:

On 20 January 1975 James Amaker filed in the Onslow County District Court a complaint seeking an absolute divorce from the petitioner, wherein he alleged that he was married to

Karen Ann Amaker but that since 3 January 1974 they had lived continuously separate and apart from each other and "that there were no children born to the marriage . . . . " On 21 March 1975 Karen Amaker filed an answer in the divorce proceeding admitting that they were married but alleging that James Amaker was the father of her child, Chevelle Anita Amaker, born on 13 April 1969. A judgment of absolute divorce was entered in the District Court of Onslow County on 4 April 1975, but the order granting the divorce made no mention of the issue of paternity or liability of James Amaker to support Chevelle.

After the hearing in the present case, Judge Turner made findings of fact which are summarized as follows:

On 13 April 1969 a child was born to Karen Amaker, and respondent is the natural father of the child. Petitioner and respondent were married on 20 December 1972 and lived together until they separated in November 1973. During the marriage the petitioner and respondent "caused a birth certificate to be issued in the name of Chevelle Anita Amaker, said minor child, listing the petitioner and respondent as the natural parents of said child." Since the separation, James Amaker has contributed nothing to the support of his wife or his child, and they have been receiving $174.00 per month from the "Portsmouth, Virginia Welfare Department." James and Karen Amaker are still married, and the petitioner is a dependent spouse and the respondent is a supporting spouse. James Amaker is a Marine stationed at Camp Lejeune, North Carolina, and has an income in excess of $780.00 per month. The needs of the wife and child are $300.00 per month.

Based on the findings of fact, the court concluded that respondent owed a duty to support his wife and child and ordered "[t]hat the Respondent . . . pay into the Court for the use and benefit of his wife, Karen Ann Amaker, and minor child. Chevelle Anita Amaker, the sum of $125.00 per month . . . . "

Respondent appealed.

*Attorney General Edmisten by Assistant Attorney General Parks H. Icenhour and Associate Attorney David L. Best for petitioner appellee.*

*Cameron and Collins by E. C. Collins for respondent appellant.*

HEDRICK, Judge.

We note at the outset that defendant's brief fails to "contain, properly numbered, the several grounds of exception and assignment of error with reference to the pages of the record . . . " as provided in Rule 28, Rules of Practice of the Court of Appeals. Indeed it is difficult for this court to determine just what assignments of error or exceptions are relied upon by the appellant. We do ascertain, however, that respondent contends that the district court did not have jurisdiction to determine the issue of paternity and that the evidence does not support the findings and conclusion that the respondent was obligated to support the minor child, Chevelle Anita Amaker.

The Uniform Reciprocal Enforcement of Support Act provides that:

"Jurisdiction of all proceedings hereunder shall be vested in any court of record in this State having jurisdiction to determine liability of persons for the support of dependents in any criminal proceeding." G.S. 52A-9.

[1] The district court in North Carolina has exclusive original jurisdiction of misdemeanors, G.S. 7A-272, including actions "to determine liability of persons for the support of dependents in any criminal proceeding." *Cline v. Cline,* 6 N.C. App. 523, 170 S.E. 2d 645 (1969). Therefore, the district court had exclusive original jurisdiction to entertain a proceeding under the Uniform Reciprocal Enforcement of Support Act. *Cline v. Cline, id.* Thus, it is clear that the district court in Onslow County had jurisdiction to determine the issue of paternity in this case.

[2] At the hearing before Judge Turner the petitioner, Karen Ann Amaker, appeared personally and testified to the following: She met the respondent in Portsmouth, Virginia, in 1968 and had sexual relations with him several times prior to his departing on 3 November 1968. The minor child, Chevelle, was born on 13 April 1969 and lived with petitioner. Petitioner and respondent were subsequently married on 20 December 1972 in Charleston, South Carolina. After the marriage, respondent accepted Chevelle as his own child and loved and cared for her until the parties separated on 3 January 1974. After the marriage, petitioner and her mother "arranged" to have Chevelle's name changed from Benton (the petitioner's maiden name) to Amaker. Since the separation, the petitioner had been receiving $174.00 per month from the "Portsmouth, Virginia, Welfare

Department." She testified further that she had received notice of the divorce action begun by the respondent and had received a copy of the divorce decree from her "former husband," James Amaker.

We hold that the petitioner's evidence was sufficient to support the court's findings that the child was born to the petitioner and respondent out of wedlock and that the parents subsequently married, and that these findings support the conclusion that the respondent was obligated to support the minor child.

[3] Respondent contends the evidence is insufficient to support the finding "that the plaintiff and respondent are still married . . . . " We agree with this contention. The only evidence in the record that the petitioner and respondent are husband and wife is that contained in the petition and affidavit dated 20 February 1975 filed in Virginia, the initiating state, and forwarded to the district court in Onslow County on 26 February 1975. The evidence affirmatively shows that a judgment of absolute divorce was entered in the Onslow County District Court dissolving the marriage between the petitioner and the respondent on 4 April 1975. Petitioner does not challenge the validity of the judgment. She did not testify at the hearing in the district court on 30 April 1975 that she was still married to the respondent. Indeed, at the hearing she referred to respondent as her "former husband." We hold, therefore, the evidence is insufficient to support the finding by Judge Turner that the petitioner and the respondent are still married. Thus, the finding and the conclusion that petitioner is the dependent spouse and that respondent owes a duty of support to petitioner is erroneous. G.S. 50-11; *Mitchell v. Mitchell,* 270 N.C. 253, 154 S.E. 2d 71 (1967).

[4] Although respondent does not raise the question, we note the court in its order provided that the respondent should pay $125.00 per month for the support of both his wife and the child. Where alimony is allowed and provision is also made for support of minor children, the order must separately state and identify each allowance. G.S. 50-13.4(e); G.S. 50-16.7(a); *Williams v. Williams,* 13 N.C. App. 468, 186 S.E. 2d 210 (1972). We note further that the trial court found as a fact that the petitioner and the child needed financial assistance in the amount of $300.00 per month and that they were receiving from the "Welfare Department" $174.00 per month and that the

court ordered the respondent to pay for the support of both only $125.00 per month. The amount that a father is required to support his child must be "commensurate with the needs of the [child] and the ability of the father to meet the needs. *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967) ; *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963)." *Gibson v. Gibson*, 24 N.C. App. 520, 211 S.E. 2d 522 (1975) ; G.S. 50-13.4.

Because the court erroneously combined the amount of support for the child, Chevelle Anita Amaker, with an erroneous order for the support of the wife, Karen Ann Amaker, the order requiring the respondent to pay $125.00 per month for the support of the wife and child must be vacated and the cause remanded to the district court for a new hearing to determine the appropriate amount the father will be required to pay for the support of his minor child.

The result is: That portion of the order declaring that the respondent is the father of Chevelle Anita Amaker and declaring that he owes a duty of support for the child is affirmed; that portion of the order declaring that Karen Ann Amaker is the dependent spouse and that the respondent is the supporting spouse and the respondent owes a duty of support to Karen Ann Amaker is reversed; that portion of the order requiring the respondent to pay $125.00 per month for the support of his wife and child is vacated and the cause is remanded to the district court for a new hearing to determine the appropriate amount the father will be required to pay for the support of his minor child.

Affirmed in part; reversed in part; vacated and remanded in part.

Judges PARKER and ARNOLD concur.