THOMAS JAY LIVINGSTON, ET AL., PETITIONER-APPELLANTS v. THE CITY OF CHARLOTTE, NORTH CAROLINA, ET AL., RESPONDENT-APPELLEES, IN RE: ANNEXATION ORDINANCE NO. 1182-X, ADOPTED BY THE CITY OF CHARLOTTE ON JUNE 3, 1982

No. 8326SC711

(Filed 1 May 1984)

1. **Municipal Corporations § 2.4— petition to review annexation—irrelevant allegations**

   Allegations in a petition for judicial review of an annexation ordinance that city officials conspired, improperly and fraudulently, in tampering with the political and quasi-legislative process by attempting to cause the council of a nearby city to deny petitioners a full and fair hearing on a voluntary annexation petition filed by petitioners with the nearby city were irrelevant to the matter before the court and were properly stricken.

2. **Appeal and Error § 24.1— broadside exception and assignment of error**

   An assignment of error and the exception upon which it was based were broadside and thus failed to present any question for review.

3. **Municipal corporations § 2.3— annexation—contiguity requirements**

   Findings by the trial judge in an action to review an annexation ordinance that the annexed area directly abuts the city's municipal boundary and that at least one-eighth of the aggregate external boundaries of the annexed area coincide with the city's municipal boundary supported the court's judgment upholding the annexation ordinance.

APPEAL by petitioners from *Sitton, Judge.* Judgment entered 30 November 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 12 April 1984.

This is an appeal from a final judgment affirming an ordinance adopted by the City Council of the City of Charlotte annexing an area known as the Raintree-Providence Plantation Area (hereinafter "Area"). The record reveals the following:

On 26 April 1982 the Charlotte City Council adopted a resolution announcing its intent to annex the Area, and on 10 May 1982 received and approved an annexation report containing plans for services pursuant to N.C. Gen. Stat. Sec. 160A-47. On 27 May a public hearing was held, and on 3 June 1982 Ordinance 1182-X annexing the Area was adopted. On 6 July 1982 petitioners, all of whom are residents of the Area, filed a petition seeking judicial review of the annexation ordinance in Superior Court, pursuant to N.C. Gen. Stat. Sec. 160A-50. On 30 November 1982 the court entered judgment affirming Ordinance 1182-X. On 9 December petitioners filed "a motion for judgment notwithstanding the verdict, a motion to amend the court's findings of fact, a motion to amend the judgment, and a motion for a new trial." On 13 December 1982 Judge Sitton entered an order denying all of petitioners' post-judgment motions. Petitioners then gave notice of appeal from the final judgment entered 30 November 1982.

*Hamel, Hamel & Pearce, by Reginald S. Hamel and Hugo A. Pearce, III, for petitioners, appellants.*

*Henry W. Underhill, Jr., City Attorney, and H. Michael Boyd, Deputy City Attorney, for respondents, appellees.*

HEDRICK, Judge.

[1] By Assignments of Error Nos. 1-4 petitioners contend that the court erred in permitting respondents to file a motion to strike, in granting in principal part this motion, and in excluding evidence at trial relating to the stricken material. These assignments of error relate to allegations in the petition for judicial review that the Charlotte city officials "conspired, improperly and fraudulently, in tampering with the political and quasi-legislative process, in attempting to cause the Matthews Council to deny the petitioners a full and fair hearing" on a voluntary annexation petition filed with the City of Matthews by petitioners. N.C. Gen. Stat. Sec. 160A-50 provides that the only matters to be reviewed by the Superior Court on appeal of an annexation ordinance are: (1) whether statutory procedures were followed; (2) whether the provisions of N.C. Gen. Stat. Sec. 160A-47, entitled "Prerequisites to annexation; ability to serve; report and plans," are met; (3) whether the provisions of N.C. Gen. Stat. Sec. 160A-48, entitled "Character of area to be an-

nexed," are met. Clearly, the allegations stricken by the trial judge were and are irrelevant and immaterial to the matters before the court, and the rulings challenged by these assignments of error were not prejudicial error.

[2] The second and third questions presented for review by petitioners are based on a single assignment of error which is in turn based on a single exception to the court's denial of petitioners' four "post-judgment motions." The assignment of error in question contains numerous legal issues and thus falls far short of the admonition contained in Rule 10(c), North Carolina Rules of Appellate Procedure, that assignments of error "so far as practicable, be confined to a single issue of law." Our earnest examination of the exception and assignment of error forming the basis of petitioners' second and third questions has been of little assistance in identifying the precise judicial action complained of on this appeal. Our uncertainty is increased by petitioners' failure to except to a single finding of fact or conclusion of law contained in the detailed final judgment entered by Judge Sitton. We hold that this assignment of error and the exception upon which it is based are broadside and thus fail to present any question for review. See Hines v. Frink, 257 N.C. 723, 127 S.E. 2d 509 (1962); Braswell v. Purser, 16 N.C. App. 14, 190 S.E. 2d 857, aff'd 282 N.C. 388, 193 S.E. 2d 90 (1972).

[3] In their fourth argument, petitioners contend that the court erred in failing to hold that the annexation ordinance "did not meet either equitable or legal contiguity requirements, in light of its irregular shape, which caused the annexation area not to be compact and to lack the unity and cohesiveness necessary for inclusion within a municipal boundary." The assignments of error upon which this question is based present difficulties similar to those discussed above in that they are broadside, raising multiple legal issues. We note, however, that petitioners excepted to entry of judgment, and that this exception is the basis of an assignment of error brought forward and argued in relation to the fourth question presented for review. Pursuant to the provisions of Rule 10, North Carolina Rules of Appellate Procedure, we will consider whether the findings of fact and conclusions of law made by the court in regard to this issue support the judgment.

N.C. Gen. Stat. Sec. 160A-48(b) in pertinent part provides:

The total area to be annexed must meet the following standards:

    (1) It must be adjacent or contiguous to the municipality's boundaries at the time the annexation proceeding is begun.

    (2) At least one eighth of the aggregate external boundaries of the area must coincide with the municipal boundary.

N.C. Gen. Stat. Sec. 160A-53(1) defines "contiguous area" as "any area which . . . abuts directly on the municipal boundary. . . ."

Our examination of the final judgment reveals that Judge Sitton found and concluded that the annexed area "directly abuts the City's municipal boundary." Further, the court found as a fact that "[a]t least one-eighth of the aggregate external boundaries of the Area coincide with the City's municipal boundary in that the aggregate external boundary of the Area is 114,627 feet (21.7 miles) of which 17,272 feet (3.3 miles), or 15.1%, coincide with the City's existing municipal boundary." We hold the court's findings and conclusions support the judgment and thus find the assignment of error to be without merit.

The judgment of the Superior Court dated 30 November 1982 is affirmed.

Affirmed.

Judges ARNOLD and PHILLIPS concur.