PARKWOOD ASSOCIATION, INCORPORATED, OVESTER GRAYS, RONALD L.
HAYES, SR., RICHARD & SHERYL RADFERN, JORDAN TIM JONES, JASPER
GRAHAM, THOMAS H. MAZE, ERVIN H. HERNDON, GENE & CAROLE DUGAN,
Petitioners/Appellants v. CITY OF DURHAM, Respondent/Appellee

No. COA95-883

(Filed 3 December 1996)

1. **Municipal Corporations § 112 (NCI4th)— annexation report—police and fire protection—report sufficient**

    The trial court did not err in holding that defendant-city had provided sufficient evidence in an annexation report that it would provide the annexed area with a nondiscriminatory level of police and fire protection. The city detailed the police and fire services now available to city residents and committed to provide the same services to the annexed area; the statute and case law require no more. If the city fails to provide the services as promised within the statutory time limits, petitioners may apply for a writ of mandamus to order the city to provide those services.

    **Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 58, 61, 64, 65.**

    **Mandamus to compel municipal officials to enforce regulations. 35 ALR2d 1135.**

    **Liability of municipality or other government unit for failure to provide police protection. 46 ALR3d 1084.**

2. **Municipal Corporations § 110 (NCI4th)— annexation report—water service—gap in lines—same basis as city**

    There was sufficient evidence in a declaratory judgment action challenging an annexation ordinance for the trial court to find that the annexation report adequately provided for the extension of water mains as required by statute. Although petitioners argue that there is a gap in water lines in the annexation area and that the city is required to connect the water lines in the gap, the report stated that water services exist and are available in the annexed area on substantially the same basis as the rest of the city, there was evidence of a number of existing gaps within the current city limits, and there was testimony that property owners within the gap in the annexed area could have lines

extended in the same manner and under the same policies as property owners along other gaps within the city limits.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 65.**

**Right to compel municipality to extend its water system. 48 ALR2d 1222.**

3. **Municipal Corporations §§ 115, 122 (NCI4th)— annexation report—allegedly inaccurate statements—transportation and finance—beyond scope of judicial review**

The trial court did not err in a declaratory judgment action challenging an annexation ordinance by excluding evidence of allegedly inaccurate statements in the annexation report regarding the proposed costs of the annexation and the extension of bus service. Petitioners' arguments deal with procedures and plans not required by statute; N.C.G.S. § 160A-50(f) limits the reviewing court's consideration to whether the procedures and plans required by law have been followed and adopted and whether the annexed area involved is one that the law approves for annexation. The proper forum for attacking the accuracy of projected costs and other items in the annexation report not required by statute is the hearing before the City Council; the role of the reviewing court is simply to determine whether the city has committed to provide a nondiscriminatory level of major services to the annexed area.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 74.**

**Proper remedy or procedure for attacking legality of proceedings annexing territory to municipal corporation. 18 ALR2d 1255.**

Appeal by petitioners from order entered 4 April 1995 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 16 April 1996.

On 16 May 1994, the Durham City Council adopted a resolution stating its intent to annex an area of approximately 1.86 square miles known as the Parkwood Community (Parkwood). After numerous -objections by Parkwood residents at the public hearing held 1 August 1994, the City of Durham (the City) amended the annexation report. On 21 October 1994, the City Council adopted an ordinance to an-

nex Parkwood. Petitioners filed a petition for review of the annexation ordinance, claiming the ordinance was void because the annexation report failed to comply with the provisions of N.C. Gen. Stat. § 160A-47.

After a hearing, in an order filed 4 April 1995 the trial court ordered the annexation report be remanded to the Durham City Council to specify the methods available for financing the capital costs of the annexation. The order also dismissed petitioners' remaining allegations. The City later amended the report to address petitioners' concerns regarding capital financing. Petitioners now appeal from the order dismissing their remaining allegations that the annexation report failed to comply with statutory requirements.

*Michael B. Brough & Associates, by Michael B. Brough, for petitioner-appellants.*

*Assistant City Attorney Karen A. Sindelar for respondent-appellee.*

McGEE, Judge.

Petitioners bring forward three arguments on appeal. They contend the trial court erred in refusing to find the annexation ordinance invalid because: 1) the annexation report failed to sufficiently specify the level of police and fire protection to be provided in the annexed area; 2) the report failed to provide for the extension of major trunk water lines into the annexed area; and 3) the court erroneously excluded evidence regarding the accuracy of the City's figures in the annexation report concerning the financial impact of annexation and evidence of the City's intent to provide bus service. We disagree with petitioners' contentions and affirm the order of the trial court.

I.

[1] Petitioners first argue the trial court erred in holding the City provided sufficient evidence in the annexation report that it would provide the annexed area with a nondiscriminatory level of police and fire protection. On appeal, the trial court's findings of fact are binding on this Court if supported by the evidence, but conclusions of law drawn from those facts are reviewable *de novo. Food Town Stores v. City of Salisbury*, 300 N.C. 21, 25-26, 265 S.E.2d 123, 126-27 (1980). We find no error in the trial court's findings of fact or conclusions of law on this issue.

By statute, an annexation report must set forth the plans of the municipality to "[extend] to the area to be annexed each major municipal service performed within the municipality at the time of annexation." G.S. § 160A-47(3). "The minimum requirements of the statute are that the City provide information which is necessary to allow the public and the courts to determine whether the municipality has committed itself to provide a nondiscriminatory level of service . . . ." *In re Annexation Ordinance*, 304 N.C. 549, 554, 284 S.E.2d 470, 474 (1981). The purpose of the statute is to insure that, in return for the financial burden of city taxes, the annexed residents receive all major city services. *Id.*

> [To satisfy the statutory requirement] the report need only contain the following: (1) information on the level of services then available in the City, (2) a commitment by the City to provide this same level of services in the annexed area within the statutory period, and (3) the method by which the City will finance the extension of these services. With this minimal information, both the City Council and the public can make an informed decision of the costs and benefits of the proposed annexation, a reviewing court can determine whether the City has committed itself to a nondiscriminating level of services, and the residents and the courts have a benchmark against which to measure the level of services which the residents receive within the statutory period.

*In re Annexation Ordinance*, 304 N.C. at 555, 284 S.E.2d at 474. We note that petitioners agree the City, after remand to the city council, has provided sufficient information as to how the City will finance the extension of services to the annexed area. Therefore, upon review of the annexation report, we find the report fulfilled the minimum statutory requirements.

As the trial court found, the annexation report contains a detailed listing of the fire and police services currently available within the City. The report lists the number of personnel and types of equipment sent to different categories of fire emergencies. It also contains details of the City's rescue service, its hazardous materials team, and fire prevention services. The report details: how the City provides police protection through the use of patrol zones, listing the various zone sizes and the criteria used in determining the size of a particular patrol zone; the number of officers within a patrol zone and the type of patrol services provided; and other non-patrol police services

PARKWOOD ASSN., INC. v. CITY OF DURHAM

[124 N.C. App. 603 (1996)]

such as the Criminal Investigation Division, Crime Prevention Services, the Organized Crime Division, *etc.* Therefore, the report meets the first requirement of providing "information on the level of services then available in the City."

The report also states fire and police service "will be provided to the annexation area on substantially the same bases and in the same manner as provided in the rest of the City." It states police protection will be provided by reconfiguring existing patrol zones, emergency fire protection will be provided on a contract basis by the local volunteer fire department, and all other general fire services will be provided directly by the City in the same manner as those services are currently furnished city-wide. Petitioners contend the City must detail *precisely* how it will extend and provide fire and police services in order to demonstrate a commitment to a "realistic course of action" to fulfill its obligations. We disagree.

The City detailed the police and fire services now available to city residents and committed to provide the same services to the annexed area. The statute and case law require no more. *See, e.g., In re Annexation Ordinance,* 304 N.C. at 554-55, 284 S.E.2d at 474 ("The satisfaction of [the statutory] purpose does not require the degree of specificity petitioners demand. The additional personnel and equipment needed to extend services need not be estimated . . ."); *Moody v. Town of Carrboro,* 301 N.C. 318, 328, 271 S.E.2d 265, 271 (1980) ("The plan details what services are provided in the Town and states that all such services will be provided in the annexed area. Providing a nondiscriminating level of services within the statutory time is all that is required."); [*See also Chapel Hill Country Club v. Town of Chapel Hill,* 97 N.C. App. 171, 388 S.E.2d 168, *disc. review denied,* 326 N.C. 481, 392 S.E.2d 87-88 (1990) (Town complied with statute where report called for annexed area to be served by volunteer fire department on contract basis in same manner as service provided to rest of Town); *In re Annexation Ordinance,* 255 N.C. 633, 122 S.E.2d 690 (1961) (under former statute, plan calling for extension of jurisdictional boundaries and lengthened patrol routes held sufficient)]. The evidence is sufficient to support the trial court's findings of fact, which in turn support its conclusion of law holding the annexation report sufficiently addressed fire and police services. Therefore, the assignments of error dealing with this issue are overruled.

Although we hold the City did not need to provide the precise details of how it intends to extend police and fire service to the

annexed area, we note the City did provide this detailed information to petitioners at the hearing in this case. While we understand petitioners' concerns over whether they will receive city services in return for city taxes, the City fulfilled its statutory obligation by promising to provide those services. Also, petitioners' rights are further protected by statute. If the City fails to provide the services as promised within the statutory time limits, petitioners may apply for a writ of mandamus to order the City to provide those services. N.C. Gen. Stat §. 160A-49(h).

## II.

[2] Petitioners next argue the evidence was insufficient for the trial court to find the annexation report adequately provided for the extension of major water mains as required by statute. Although virtually all of Parkwood is currently served by city water lines and the City has agreed to extend a line in one of two areas where there is a gap in water lines in the annexation area, petitioners argue the City is also required to connect the water lines in the remaining gap. G.S. § 160A-47(3)(b) mandates, in part, that an annexation report "[p]rovide for the extension of major trunk water mains . . . into the area to be annexed so that . . . property owners in the area to be annexed will be able to secure public water . . . according to the policies in effect in such municipality for extending water . . . lines to individual lots or subdivisions." The annexation report stated water services exist and are available to the Parkwood area "on substantially the same basis and in the same manner as such service is made available in the rest of the City," and water service would be provided in accordance with the policies and ordinances adopted, or to be adopted in the future, by the city council. We find the trial court correctly held the report adequately addressed the extension of water mains.

The trial court made, among others, the following findings of fact to which the petitioners have not assigned error:

10. The City currently provides water service to the Parkwood area and charges twice the water rate paid by City residents. After annexation, this rate will be reduced to the City rate. The water line that petitioners claim should have been provided as part of the annexation report is a missing section of approximately 3,400 feet of an existing water line that runs along N.C. 55. The land along the missing section is relatively undeveloped. The point that is furtherest from a water line is approximately 1,700

feet from a water line. None of the property owners along the contested water line requested that a line be installed under G.S. § 160A-47(3)(b), which allows them to make such a request under existing city policies and have a line installed within two years of annexation.

11. It is not the City's policy to put water lines along every street in the City. Rather, it is the City's policy to construct a system of lines that provides sufficient flow for domestic service and fire service and to bring such system within a reasonable distance of all areas of the City, and to rely on private property owners to have lines extended and gaps filled in as they are needed. The City has four policies for extension of water lines which are described in City charter, ordinance, and written documents in the Engineering Department. They generally result in the extension of water lines upon the following occurrences: a) a petition from a certain percentage of property owners along the proposed line, which, following approval by the City Council, results in assessment for the cost of the line on all owners along the line; b) a petition from a single owner who then pays the entire assessed cost for the line and receives reimbursement as other owners hook on over the years; c) the building of the line by a developer who pays the actual cost of the line and receives reimbursement as other owners hook on over the years; and d) the City Council ordering that the line be built, and then assessing the cost on all owners adjacent to the line. These policies have resulted in water lines being extended throughout much of the City of Durham. Upon annexation, these policies will be equally available in the annexed area as they are in the City.

Since petitioners did not except or assign error to these findings, they are presumed to be correct and supported by the evidence. *In re Moore*, 306 N.C. 394, 404, 293 S.E.2d 127, 133 (1982), *appeal dismissed*, 459 U.S. 1139, 74 L. Ed. 2d 987 (1983). Further, a review of the record shows these findings are supported by the evidence. The petitioners have excepted to the following findings of fact:

12. The absence of a water line along NC 55 is typical of other parts of the City of Durham water system. There are currently many gaps in water lines throughout the City that exceed in distance the gap that exists along N.C. 55. . . .

13. The City does not have to construct the missing segment of the water line along N.C. 55 in order to provide Parkwood resi-

dents the same service as residents elsewhere in Durham receive, since other areas do not have water lines along every street, and since the line is not necessary to give the Parkwood area adequate flow or sufficient redundancy in case of system breakdowns.

A review of the report, exhibits, and transcript shows these findings of fact are also supported by the evidence.

Several of the maps included as exhibits in the record show a number of existing gaps in water line service within the current city limits. For example, just to the north and east of the gap complained of by the petitioners there are two gaps in the water main along Alston Avenue. Each of the gaps is longer than the gap along N.C. 55. Further to the north, there are also gaps along Cook Road. There are also numerous other gaps inside the city limits both longer and shorter than the water line gap along N.C. 55. Lee Murphy, Assistant City Engineer for the City, testified at the hearing that it is not the City's policy to provide water lines on every street. He testified the City's policy was to provide lines to enable water service for fire flows and domestic consumption at a minimum of twenty pounds per square inch pressure. Murphy also testified the Parkwood area already received water service which was "[a]s good or better than any place" inside the city limits because of the existing number of feeds and the redundancy of flow in case of breaks or disruption in service. He further testified there are numerous gaps in water lines inside the city, and that property owners along the N.C. 55 gap could have the lines extended under city policy in the same manner and under the same policies as the property owners along other gaps within the city limits.

This evidence supports the trial court's findings of fact, which in turn support its conclusion of law that "the City's plan for extending water lines in the annexation area provides property owners in the annexed area the opportunity to secure public water according to the policies in effect in the City for extending water lines to individual lots or subdivisions, affords such owners water service on substantially the same basis and in the same manner as such service is offered in the remainder of the City, and complies in all regards with the requirements of G.S. § 160A-47(b)." *See Wallace v. Town of Chapel Hill*, 93 N.C. App. 422, 429, 378 S.E.2d 225, 229 (1989) (where policy requiring petitioners to pay for the cost of water line extensions was consistent with policy for extending lines within preexist-

PARKWOOD ASSN., INC. v. CITY OF DURHAM

[124 N.C. App. 603 (1996)]

ing municipal limits, trial court correctly held Town had complied with requirements of G.S. § 160A-47). This assignment of error is overruled.

III.

[3] Lastly, petitioners argue the trial court erred in excluding evidence of what they claim are inaccurate statements in the annexation report regarding the proposed costs of the annexation and the extension of bus services to Parkwood. The trial court held the accuracy of the calculated costs and adequacy of the City's plan to provide transportation services were not proper subjects for judicial review. We agree with the trial court.

A proceeding to review an annexation ordinance is a limited judicial review. *Campbell v. City of Greensboro*, 70 N.C. App. 252, 257, 319 S.E.2d 323, 326, *disc. review denied and appeal dismissed*, 312 N.C. 492, 322 S.E.2d 553 (1984). Under the judicial review provided pursuant to N.C. Gen. Stat. § 160A-50, the reviewing court may hear evidence, "but only with regard to the statutory procedure not being followed, the City's plan not meeting the requisites set forth in G.S. § 160A-47, and the area to be annexed not having the proper characteristics for annexation as set forth in G.S. § 160A-48." *Id.* G.S. § 160A-50(f) "limits the reviewing court's consideration to whether the procedures and plans *required by law* have been followed and adopted and whether the area involved is one that the law approves for annexation." *Id.* (emphasis added). In this case, petitioners' arguments deal with procedures and plans not required by statute. Therefore, these issues are not proper subjects for judicial review.

As to the issue of transportation services, our Supreme Court has held that municipal services, such as transportation, which are not specifically enumerated in G.S. § 160A-47(3) are not required to be included in the annexation report. *Cockrell v. City of Raleigh*, 306 N.C. 479, 485, 293 S.E.2d 770, 774 (1982). Since plans and procedures concerning transportation are not required by law, a reviewing court has no jurisdiction to hear evidence on this issue. *See Campbell, supra.* Therefore, the trial court properly excluded evidence regarding the City's proposed bus service. As to the accuracy of the City's statements regarding the financial impact of the annexation, we find nothing in the statutes which requires the City to provide the projected costs of providing services to the annexed area. The statute merely requires the City to provide information on the method of

financing these services, which petitioners admit the City has done in this case. Therefore, the trial court had no jurisdiction to decide this issue and properly excluded any evidence on the subject.

Although the courts have no jurisdiction to review these issues, we find some merit in petitioners' argument that even if not required, when the City does include information on these subjects in the annexation report they should be required to provide accurate information. While not required by law to be included in the report, such information is informative to persons in the proposed annexation area, and to be of the greatest possible benefit, should be as detailed and accurate as possible. *Cockrell*, 306 N.C. at 485, 293 S.E.2d at 774. These issues, especially the proposed costs of the annexation, involve whether the annexation will result in a net benefit or loss for the City, an important consideration to both petitioners and the City. However, it is not the role of the reviewing court, but the role of the elected officials, to determine the wisdom of a proposed annexation. The proper forum for attacking the accuracy of projected costs and other items in the report not required by statute is the hearing before the City Council provided under N.C. Gen. Stat. § 160A-49. The role of the reviewing court is simply to determine whether the city has committed to provide a nondiscriminatory level of major services to the annexed area. *In re Annexation Ordinance*, 304 N.C. at 555, 284 S.E.2d at 474.

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

Judges EAGLES and LEWIS concur.