WILLIAM J. NOLAN, III, AND, LOUISE C. HEMPHILL-NOLAN, PETITIONERS v. TOWN OF WEDDINGTON, A NORTH CAROLINA MUNICIPALITY, RESPONDENT

No. COA06-704

(Filed 3 April 2007)

**1. Cities and Towns— annexation—police services—testimony excluded**

The trial court did not abuse its discretion in an annexation action by granting a motion in limine to exclude testimony from the Chief Deputy about the agreement between respondent (the annexing town) and the county sheriff's department to provide enhanced police services to the town's residents. Petitioners did not show that the exclusion of the testimony prejudiced the outcome of the case.

NOLAN v. TOWN OF WEDDINGTON

[182 N.C. App. 486 (2007)]

**2. Cities and Towns— annexation—meaningful benefit—police services**

The trial court did not err by granting a motion to dismiss petitioners' challenge to an annexation ordinance for failure to provide the annexed residents with a meaningful benefit where the annexation provided police protection which was tailored to the expressed needs and preferences of the residents.

Appeal by petitioners from an order entered 3 January 2006 by Judge F. Fetzer Mills, Union County Superior Court. Heard in the Court of Appeals 24 January 2007.

*The Brough Law Firm, by Robert E. Hornick, Jr., for petitioner-appellants.*

*Parker, Poe, Adams & Bernstein, L.L.P., by Anthony Fox and Benjamin R. Sullivan, for respondent-appellee.*

BRYANT, Judge.

William J. Nolan, III and Louise C. Hemphill-Nolan (petitioners) appeal from an order entered 3 January 2006 granting an involuntary dismissal with prejudice against the Town of Weddington (respondent). Petitioners specifically challenge respondent's annexation ordinance by arguing that the police services respondent provides to its residents are not "meaningful." The annexation ordinance petitioners challenge was adopted by respondent on 11 July 2005, and seeks to annex into the Town of Weddington, an unincorporated portion of Union County (Annexation Area). Petitioners own four vacant lots within the Annexation Area and, pursuant to N.C. Gen. Stat. § 160A-50, they petitioned the Union County Superior Court to review and invalidate the annexation ordinance.

On 15 December 2005, the Union County Superior Court held a non-jury trial, presided over by the Honorable Judge F. Fetzer Mills, to consider petitioners' claim. Chief Deputy Ben Bailey of the Union County Sheriff's Department was identified as a potential witness for petitioners the week before trial and appeared under subpoena. Respondent filed a motion *in limine* to exclude Chief Deputy Bailey's testimony. After questioning Chief Deputy Bailey, respondent moved to dismiss this action under N.C. R. Civ. P., Rule 41 (b). Judge Mills granted respondent's motion *in limine* and motion to dismiss. Petitioners appeal.

On appeal petitioners argue the trial court erred by: (I) granting respondent's motion *in limine* which excluded Chief Deputy Ben Bailey's testimony concerning an agreement to provide enhanced police services to Town residents and (II) granting respondent's motion to dismiss pursuant to N.C. R. Civ. P., Rule 41(b). For the following reasons, we affirm the trial court's ruling.

I

[1] Petitioners first argue the trial court erred by granting respondent's motion *in limine* which excluded Chief Deputy Bailey's testimony concerning the agreement between the respondent and Union County Sheriff's Department to provide enhanced police services to Town residents.

"A motion *in limine* seeks pretrial determination of the admissibility of evidence proposed to be introduced at trial; its determination will not be reversed absent a showing of an abuse of the trial court's discretion." *Warren v. GMC*, 142 N.C. App. 316, 319, 542 S.E.2d 317, 319 (2001) (citing *Nunnery v. Baucom*, 135 N.C. App. 556, 521 S.E.2d 479 (1999)). The "party asserting error must show from the record not only that the trial court committed error, but that the aggrieved party was prejudiced as a result." *Lawing v. Lawing*, 81 N.C. App. 159, 162, 344 S.E.2d 100, 104 (1986); N.C. Gen. Stat. § 1A-1, Rule 61 (2005) ("No error in either the admission or exclusion of evidence . . . is ground for granting a new trial . . . unless refusal to take such action amounts to the denial of a substantial right.").

In his testimony, Chief Deputy Bailey explained that at any one time only eight sheriff's deputies patrol Union County. Respondent's contract requires that one or more additional deputies within Weddington respond to calls for at least twelve hours each day. Chief Deputy Bailey stated the specific hours these deputies are stationed in Weddington are generally tailored to meet Weddington's expressed needs and preferences. Chief Deputy Bailey also stated that Weddington's contract payments fund three deputy positions within the Sheriff's Department that otherwise "would not exist." Chief Deputy Bailey stated that Weddington's contract with the Sheriff's Department provides the Town with "enhanced coverage[.]"

Petitioners complain that Chief Deputy Bailey's testimony was essential to explain the details of how Weddington's police services are provided. While Chief Deputy Bailey's testimony did provide the terms and conditions of the police services contract his testimony

also highlighted the fact that the contract provided enhanced police protection as an added benefit to Weddington residents. Petitioners have not shown the exclusion of Chief Deputy Bailey's testimony prejudiced the outcome of this case. The trial court did not abuse its discretion in granting respondent's motion *in limine.* This assignment of error is overruled.

II

[2] Petitioner argues the trial court erred by granting respondent's motion to dismiss pursuant to N.C. R. Civ. P., Rule 41(b) based on respondent's failure to abide by statutory annexation requirements. We disagree.

Where the record of a town's annexation proceedings demonstrates *prima facie* compliance with the annexation statutes, a party challenging the annexation's validity has the burden of proving that the annexation is invalid. *Food Town Stores, Inc. v. Salisbury,* 300 N.C. 21, 25, 265 S.E.2d 123, 126 (1980). "The trial judge sits as trier of the facts and may weigh the evidence [and] find the facts against the plaintiff . . . even though the plaintiff has made out a *prima facie* case which would have precluded a directed verdict for the defendant in a jury case." *Lumbee River Elec. Membership Corp. v. Fayetteville,* 309 N.C. 726, 741, 309 S.E.2d 209, 218 (1983). The trial court does not construe the evidence in a light most favorable to the plaintiff but instead weighs the evidence just as it would at the end of a non-jury trial. *Dealers Specialties, Inc. v. Neighborhood Housing Servs., Inc.,* 305 N.C. 633, 638, 291 S.E.2d 137, 140 (1982). "The trial court's judgment therefore must be granted the same deference as a jury verdict." *Lumbee River,* 309 N.C. at 741, 309 S.E.2d at 218. Here, the Superior Court's factual findings are not challenged on appeal and are therefore conclusive. *See* N.C. R. App. P. 10(a) ("Except as otherwise provided herein, the scope of review on appeal is confined to a consideration of those assignments of error set out in the record"); *see also Parkwood Ass'n v. City of Durham,* 124 N.C. App. 603, 609, 478 S.E.2d 204, 208 (1996) ("Since petitioners did not except or assign error to these findings, they are presumed to be correct and supported by the evidence.").

Petitioners raise only one challenge to Weddington's annexation: that Weddington will provide insufficient municipal services to the Annexation Area. A town is required to extend its municipal services on a non-discriminatory basis, meaning it must provide an annexed area with substantially the same services it provides to existing town

residents. N.C. Gen. Stat. § 160A-47(3) (2005). This statute requires a town to adopt a report on its annexation that includes:

> A statement setting forth the plans of the municipality for extending to the area to be annexed each major municipal service performed within the municipality at the time of annexation. Specifically, such plans shall: a. Provide for extending police protection, fire protection, solid waste collection and street maintenance services to the area to be annexed . . . on substantially the same basis and in the same manner as such services are provided within the rest of the municipality[.]

N.C. Gen. Stat. § 160A-47(3)(a) (2005). The sufficiency of services provided to an annexed area, therefore, is measured against what services are provided to existing town residents. A town must provide the annexed area with "each major municipal service performed within the municipality," and it must provide those services "on substantially the same basis" that they are provided elsewhere within the town. *See Id.* If a town extends the services it currently provides, and if it extends them in a nondiscriminatory manner, it satisfies the statutory requirements. *See Greene v. Valdese*, 306 N.C. 79, 87, 291 S.E.2d 630, 635 (1982) ("Providing a *nondiscriminating* level of services within the statutory time is all that is required." ) (emphasis in original) (citation omitted); *Chapel Hill Country Club, Inc. v. Chapel Hill*, 97 N.C. App. 171, 184, 388 S.E.2d 168, 176 (1990) ("a municipality's plan is required to show only that a nondiscriminatory level of services will be provided").

According to the annexation report, Weddington will extend its municipal services on a non-discriminatory basis, thus satisfying the statutory requirements. Petitioners contend that Weddington's services will not provide the Annexation Area with a "meaningful" benefit. Our Supreme Court recently stated that if an annexing town's services are too minimal to provide such a benefit, its annexation is invalid, even if it will extend those minimal services on a non-discriminatory basis. *Nolan v. Village of Marvin*, 360 N.C. 256, 262, 624 S.E.2d 305, 308 (2006).

In *Village of Marvin*, these same petitioners argued that an annexation plan adopted by the Village of Marvin was invalid because Marvin would provide insufficient administrative service to the annexed area. *Village of Marvin*, 360 N.C. at 258, 624 at 307. Marvin provided no other services beyond the services of an administrative staff

**NOLAN v. TOWN OF WEDDINGTON**

[182 N.C. App. 486 (2007)]

consisting of three part-time employees (a town clerk, tax collector, and administrator) each of whom worked only twelve (12) hours per week. *Id.* The Supreme Court deemed Marvin's annexation invalid, even though it satisfied the non-discriminatory application standard, because Marvin's administrative services were too minimal to provide the annexed area with any "meaningful" benefit. *Id.* at 260, 624 at 308 (annexation policy "is grounded in a legislative expectation that the annexing municipality possesses meaningful . . . services[.]").

The "meaningful" benefit standard is not an express requirement of the annexation statutes, but instead is implied in the underlying annexation policies. *See* N.C.G.S. § 160A-47(3) (2005). Prefacing the substantive provisions of the annexation statute is a "Declaration of Policy." *See* N.C. Gen. Stat. § 160A-45 (2005). The "Declaration of Policy" is read *in pari materia* with the more detailed annexation statutes to guide their interpretation. *Moody v. Town of Carrboro*, 301 N.C. 318, 325-27, 271 S.E.2d 265, 270-71 (1980) *and Village of Marvin*, 360 N.C. at 257, 624 S.E.2d at 308.[1] The "Declaration of Policy" explains that "municipalities are created to provide the governmental services essential for sound urban development and for the protection of health, safety and welfare [and] municipal boundaries should be extended . . . to provide the high quality of governmental services needed therein for the public health, safety and welfare[.]" *Village of Marvin*, 360 N.C. at 261, 624 S.E.2d at 308 (emphasis added) (quoting "Declaration of Policy" in N.C.G.S. §§ 160A-33(2) and (3)).

Petitioners contend Weddington's services fail *Village of Marvin's* "meaningful" benefit test. Our Supreme Court held that merely providing limited administrative services without providing significant benefits to the annexed residents was inadequate to meet the statutory requirements. *Village of Marvin*, 360 N.C. at 262, 624 S.E.2d at 308. The "Declaration of Policy," instructs "[t]hat municipal boundaries should be extended in accordance with legislative standards applicable throughout the State[,]" and that annexation should be governed by "uniform legislative standards[.]" N.C. Gen. Stat. §§ 160A-45(3) and (5) (2005).

1. The General Statutes contain two sets of statutes governing annexation, one for towns with fewer than 5,000 persons and one for larger towns. Each set has its own "Declaration of Policy," but both Declarations are identical with regard to the issues in this appeal. *See* N.C. Gen. Stat. § 160A-33 and N.C. Gen. Stat. § 160A-45(2) (2005) ("That municipalities are created to provide the governmental services essential for sound urban development and for the protection of health, safety and welfare in areas being intensively used for residential, commercial, industrial, institutional and governmental purposes or in areas undergoing such development[.]").

NOLAN v. TOWN OF WEDDINGTON

[182 N.C. App. 486 (2007)]

The annexation statutes indicate police protection is a service that furthers annexation policy; in fact, the statute expressly contemplates that one type of service an annexing town may extend to an annexed area is "police protection[.]" N.C. Gen. Stat. § 160A-47(3)(a) (2005). Our Supreme Court specifically noted that the Village of Marvin did not have a contract for police service. *Village of Marvin*, 360 N.C. at 258, 624 S.E.2d at 307 (noting that when annexation was adopted "[T]he Village of Marvin lacked a contract for police protection."). The Supreme Court found the Village of Marvin's annexation invalid because the limited administrative services Marvin provided (such as those of a part-time administrator, clerk, and tax collector) would not confer a significant benefit on the residents; in other words such limited administrative services would not promote an annexed area's public health, safety, and welfare and did not provide the Village of Marvin with a "meaningful" benefit.

By contrast, in the instant case, the Weddington annexation provided police protection, a service that promotes the health, safety, and welfare of residents within the annexed area. Here, the sheriff tailors the police protection provided by three additional deputies to meet Weddington's expressed needs and preferences. Such protection provides a meaningful benefit to the annexed residents. Further, petitioners are bound by the trial court's factual finding that "[Petitioners] . . . have not shown that the Annexation Area currently receives police services that are comparable to those that the Town will provide the Annexation Area after the annexation becomes effective." *See Parkwood Ass'n*, 124 N.C. App. at 609, 478 S.E.2d at 208 ("Since petitioners did not except or assign error to th[is] finding[], [it is] presumed to be correct and supported by the evidence."). Because the Weddington annexation meets the requirements of the annexation statutes (*see e.g.*, N.C.G.S. § 160A-47(3)(a) (2005)) and furthers the public policies underlying the annexation statutes (N.C.G.S. § 160A-45 (2005)), it is therefore valid. This assignment of error is overruled.

Affirmed.

Judges McGEE and ELMORE concur.