WILLIAM R. BURNETTE, and wife, SANDRA H. BURNETTE, GENE A. MOZINGO, and wife, SHARON H. MOZINGO, THOMAS L. DUPREE, and wife, MARGARET S. DUPREE, ROBERT H. PLEASANTS, and wife, MARGARET J. PLEASANTS, LAWRENCE M. PIERCE, and wife, RITA L. PIERCE, KENNETH S. WADSWORTH, and wife, JEAN L. WADSWORTH, MARVIN D. TURNER, and wife, ANNE S. TURNER, THOMAS W. FLEETWOOD, and wife, DIANE F. FLEETWOOD, JOHN D. BOOTH, and wife, ERLENE S. BOOTH, GERALD T. MOZINGO, and wife, JANIE A. MOZINGO, and ROBERT T. HINNANT, and wife, SANDRA I. HINNANT, Petitioners,
v.
CITY OF GOLDSBORO, Respondent.
No. COA06-1672
Court of Appeals of North Carolina.
Filed January 15, 2008
This case not for publication
Eldridge Law Firm, P.C., by James E. Eldridge, for petitioner-appellants.
Everett, Womble, Lawrence & Brown, L.L.P., by W. Harrell Everett, Jr. and Darrell K. Brown, for respondent-appellee.
BRYANT, Judge.
William R. Burnette and other similarly situated property owners in Wayne County (petitioners) appeal from a judgment and order entered 13 June 2006 in Wayne County Superior Court annexing approximately 474 acres (Phase XI Area) to the City of Goldsboro (City). For the reasons stated below, we affirm the decision of the trial court.
Phase XI Area was adjacent and contiguous to the City's boundaries and was developed for urban purposes pursuant to N.C. Gen. Stat. § 160A-48. Following a trial of the annexation of Phase XI Area, Judge Kenneth F. Crow, on 12 April 2005, signed a Judgment and Order remanding the matter for additional proceedings by the City Council.
Pursuant to Judge Crow's Order, on 5 July 2005, the City Council adopted: an Annexation ordinance (pursuant to N.C.G.S. § 16OA-49(c)); the 26 April 2005 amended version of the Phase XI Annexation Report (pursuant to N.C.G.S. § 160A-47); and annexed the Phase XI Area, effective 30 September 2005. The City prepared a detailed plan for services to be provided to the residents in the Phase XI Area. The Amended Annexation Report provided for police protection, garbage service and street maintenance immediately upon annexation. Within two years of the annexation, the City indicated it would install essential sewer lines and extensions to Phase XI Area residents. Other municipal services, not statutorily required, would also be provided.
Petitioners challenged the validity of the ordinance by filing a Petition for Judicial Review which was heard during the 13 March 2006 session of court. On 13 June 2006 an Order and Judgment was entered affirming the City's adoption of the Ordinance annexing Phase XI. Petitioners appeal.
Petitioners challenge whether the findings of fact sufficiently support the trial court's conclusions that respondents substantially complied with N.C. Gen. Stat. §§ 160A-47, -48, -49, and with public policy objectives set forth in N.C. Gen. Stat. § 160A-45.
On appeal, judicial review of an annexation ordinance is limited to determining whether the annexation proceedings substantially complied with the requirements of the applicable annexation statutes. Barnhardt v. City of Kannapolis, 116 N.C. App. 215, 217, 447 S.E.2d 471, 473, disc. rev. denied, 338 N.C. 514, 452 S.E.2d 807 (1994) (citations omitted); see also Food Town Stores, Inc. v. Salisbury, 300 N.C. 21, 265 S.E.2d 123 (1980); In re Annexation Ordinance, 278 N.C. 641, 305 S.E.2d 66 (1971); In re Durham Annexation Ordinance No. 5791, 66 N.C. App. 472, 311 S.E.2d 898, disc. rev. denied, 310 N.C. 744, 315 S.E.2d 701 (1984). If the record of a city's annexation proceedings demonstrates prima facie compliance with the annexation statutes, one challenging the annexation's validity has the burden of proving that the annexation is invalid. See Food Town Stores, Inc., 300 N.C. at 25, 265 S.E.2d at 126. The trial court's findings of fact are binding on appeal if supported by the evidence, even when there may be evidence to the contrary. Humphries v. Jacksonville, 300 N.C. 186, 265 S.E.2d 189 (1980). Once we have reviewed the trial court's findings we review the trial court's conclusions of law de novo. Brown v. City of Winston-Salem, 176 N.C. App. 497, 626 S.E.2d 747 (2006). Petitioners bear the burden of proof on appeal. In re Moore, 306 N.C. 394, 293 S.E.2d 127 (1982), appeal dismissed, 459 U.S. 1139, 74 L. Ed. 2d 987 (1983); L. Harvey & Son Co. v. Jarman, 76 N.C. App. 191, 333 S.E.2d 47 (1985). Petitioners must show by the greater weight of the evidence that annexation failed to comply with N.C.G.S. §§ 160A-47, -48, -49 and that they will suffer material injury as a result of such failure to comply. Barnhardt, 116 N.C. App. at 221, 447 S.E.2d at 475.

I. N.C. Gen. Stat. § 160A-47
A city must provide municipal services to the annexed area on a nondiscriminatory basis and the services must be substantially similar to the services that existing city residents receive. The city must issue a report which includes:
A statement setting forth the plans of the municipality for extending to the area to be annexed each major municipal service performed within the municipality at the time of annexation. Specifically, such plans shall: a. Provide for extending police protection, fire protection, solid waste collection and street maintenance services to the area to be annexed on the date of annexation on substantially the same basis and in the same manner as such services are provided within the rest of the municipality prior to annexation[.]
N.C.G.S. § 160A-47 (3)(a) (2005). The statute further requires the report to include, inter alia, a statement showing the method of financing services, a statement showing the impact on fire protection and fire insurance rates, and a statement showing how the proposed annexation will affect the city's finances and services. See N.C. Gen. Stat. § 160A-47(3)(d), (4) and (5) (2005). The City satisfies the statutory requirements if it extends the same services in a nondiscriminatory manner. See, e.g., Green v. Town of Valdese, 306 N.C. 79, 87, 291 S.E.2d 630, 635 (1982) ("Providing a nondiscriminating level of services within the statutory time is all that is required[.]"); Chapel Hill Country Club, Inc. v. Chapel Hill, 97 N.C. App. 171, 184, 388 S.E.2d 168, 176 (1990) ("A municipality's plan is required to show only that a nondiscriminatory level of services will be provided[.]").
Here, in response to petitioners' claim that the report was inadequate, the trial court heard evidence from multiple service providers and made findings based on them. Extensive testimony, some of which was uncontradicted, was offered regarding the Phase XI Area's billing practices for water and sanitation services and premiums charged for fire insurance. As to the water and sanitation services, the evidence indicated residents would be billed for the services they received and not for the cost resulting from computer upgrades associated with annexation. Also, there was testimony that the fire insurance rating for the annexed area would automatically be reduced from a Grade 7 to a Grade 5 upon annexation which would result in a reduction of fire insurance premiums for the residents of the annexed area to the same amount paid by Goldsboro residents. Based upon the evidence, the trial court found "Goldsboro amended the Annexation Report on April 26, 2005, to provide for the adjustment of discrepancies in water rates and to reflect the costs and source of funding accordingly." The information included in the Amended Annexation Report and testimony in support of the services to be extended to the annexation area is sufficient to show the City's commitment to provide "a nondiscriminatory level of major services" to the annexed area. Therefore, the evidence and findings of fact sufficiently support the trial court's conclusion respondent substantially complied with the requirements of the N.C.G.S. § 160A-47. This assignment of error is overruled.

II. N.C. Gen. Stat. § 160A-48
Petitioners argue that the City violated the "spirit and purpose" of the coincidence requirement of N.C. Gen. Stat. § 160A-48(b) due to the City manipulating Phase XI's external boundary. Petitioners argue that the City included portions of certain subdivisions without annexing the entire subdivision. They further argue that this partial annexation will create "the potential for confusion" with respect to the provisions of governmental services and regulations as to properties outside the Phase XI Area. We disagree.
N.C. Gen. Stat. § 160A-48(b) states that the area to be annexed by the municipality must meet certain requirements: (1) It must be adjacent or contiguous to the municipality's boundaries at the time the annexation proceeding is begun; (2) At least one eighth of the aggregate external boundaries of the area must coincide with the municipal boundary; (3) No part of the area shall be included within the boundary of another incorporated municipality. N.C. Gen. Stat. § 160A-48(b) (2005). Once the annexation area complies with the specific numerical criteria set forth in N.C.G.S. § 160A-48, then no further inquiry is necessary.See Livingston v. City of Charlotte, 68 N.C. App. 265, 314 S.E.2d 303 (1984) ("rejecting conspiratorial claim as not subject to judicial review"); In re Annexation Ordinance # D-21927, 303 N.C. 220, 230, 278 S.E.2d 224, 231 (1981) ("Nor do we find a separate test of `reasonableness' within the limited scope of judicial review permitted in annexation cases.").
It is undisputed that the Phase XI Area is compact, developed for urban purposes" and easily satisfies the one eighth contiguity requirement. We reject petitioners' claim that the City could have included all of a subdivision or additional lots. See Trask v. City of Wilmington, 64 N.C. App. 17, 306 S.E.2d 832 (1983) (rejecting claim that boundaries were "gerrymandered"); Cf. Amick v. Stallings, 95 N.C. App. 64, 382 S.E.2d 221 (1989) (holding annexation did not satisfy the contiguity requirement of N.C.G.S. § 160A-48(a)(2) because the town sought to annex a narrow ribbon of land that was not close to the existing municipal corporate limits).
Regarding the boundary lines of the proposed annexation area, petitioners presented evidence from at least two witnesses that 13.76% of the aggregate boundary coincides with the present City boundary. Furthermore, petitioners presented testimony that if only three lots of Cantebury Village Subdivision, Section 1 were included in the annexed area (and not the entire subdivision), the City's calculation of 13.76% contiguity was correct. Based upon the testimony, the trial court found "[a]pproximately 13.76% of the aggregate boundary of the proposed annexation area coincides with the Goldsboro boundary lines." Accordingly, the trial court concluded:
8. Respondent has substantially complied with the requirements of N.C. Gen. Stat. § 160A-48 in that the proposed annexation area meets the statutory requirements regarding the characteristics of such area with respect to contiguity, development for urban purposes, and fixing boundaries.
9. Petitioners have failed to meet their burden of showing by the greater weight of the evidence that the proposed annexation area does not substantially meet the requirements of N.C. Gen. Stat. § 160A-48.
. . .
11. Petitioners have failed to show material injury resulting from any failure by Respondent to comply with the relevant statutory procedure here, and Petitioners have failed to show that the annexation procedure here will substantially prejudice their rights.
The trial court's conclusions are sufficiently supported by findings of fact based on undisputed evidence which shows that respondents substantially complied with the requirements of N.C.G.S. § 160A-48 and petitioners have not met their evidentiary burden. This assignment of error is overruled.

III. N.C. Gen. Stat. § 160A-49
North Carolina General Statutes, Section 160A-49(a) requires a municipality to pass a resolution of intent to annex describing the boundaries of the area being considered for annexation and setting a date for a public hearing. North Carolina General Statutes, Section 160A-49(b)(2) requires that the Notice of Public Hearing "describe clearly the boundaries of the area under consideration, and include a legible map of the area." North Carolina General Statutes, Section 160A-49 (e)(1) requires that "the external boundaries of the area to be annexed be described by metes and bounds" in the Annexation Ordinance.
The undisputed evidence shows that the City substantially complied with N.C.G.S. § 160A-49 and the City's metes and bounds description fell well within the 5% allowance under N.C.G.S. § 160A-54(2). Several individuals testified about the metes and bounds description included in the Resolution of Intent, the Notice in the newspaper and the Annexation Ordinance. A boundary map of Phase XI Area was prepared using property lines, streets and natural boundaries to configure the annexed area. The Phase XI Area was configured so that it would qualify under the "developed for urban purposes requirement of N.C.G.S. § 160A-48(c) and so it met the contiguity requirement of N.C.G.S. § 160A-48(b). Petitioners offered testimony that another field survey of Phase XI was more accurate than the City's. However, even petitioners' witness acknowledged that the degree of error between the two surveys was less than a 1% as to the total acreage of the annexed area. See In re Annexation Ordinance 301-X, 304 N.C. 565, 284 S.E.2d 475 (1981) and N.C. Gen. Stat. § 160A-54(2) (permitting an error up to 5% in estimating the total annexed area if such estimate is based upon county tax maps or records).
Based upon the above competent evidence, the trial court found:
21. Pursuant to the Remand Order, [the City] mailed the public hearing notice . . . to all of the residents in the proposed annexation area. The metes-and-bounds property description [prepared by the City's engineering technician] and a map of the area were included within the Notice. . . .
Accordingly, we agree with the trial court's ultimate conclusions that respondent complied with Judge Crow's Order of Remand and thereby substantially complied with the requirements of N.C.G.S. § 160A-49. This assignment of error is overruled.

IV. PUBLIC POLICY OBJECTIVES in N.C. Gen. Stat. § l60A-45
Our Supreme Court has indicated the annexation statutes implicitly assume that the services to be provided to the annexed area should provide a "meaningful" benefit to the newly annexed area. Nolan v. Village of Marvin, 360 N.C. 256, 262, 624 S.E.2d 305, 308-09 (2006). The Supreme Court's "meaningful" benefit standard is an implied policy. See N.C.G.S. § 160A-47 through § 160A-54 (2005). "[M]unicipalities are created to provide the governmental services essential for sound urban development and for the protection of health, safety and welfare[.]" Village of Marvin, 360 N.C. at 261, 624 S.E.2d at 308-09.
Petitioners argue they will receive no meaningful benefit in exchange for the municipal taxes they will have to pay; however, competent evidence shows that the City is providing services with"meaningful benefit" to the annexed residents. Nolan v. Town of Weddington, ___ N.C. App. ___, ___, 642 S.E.2d 261, 265 (2007). As a result of this annexation, the trial court made finding of fact twenty-five, in which it determined residents of the annexed area will receive the following benefits to their municipal services: improved fire protection; 120 street lights; street construction; additional garbage collection; 76 street signs; mosquito control service; improved street maintenance; and sewer service. Having determined that the City's annexation ordinance meets the requirements of the annexation statutes, we hold the underlying public policies of the annexation statutes (N.C.G.S. § 160A-45 (2005)) are also satisfied. See Town of Weddington, ___ N.C. App. at ___, 642 S.E.2d at 265. This assignment of error is overruled.
Affirmed.
Judges STEELMAN and GEER concur.
Report per Rule 30(e).